IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-295 (RMC) |
| EDWARD E. BROWN, JR., | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT EDWARD E. BROWN, JR.'S OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT EVIDENCE UNDER RULE 404(B)

Defendant, Edward Brown, through counsel, respectfully submits this Opposition to the Motion of the Government To Introduce Evidence Of The Defendant's Other Crimes And Bad Acts. For the most part, the government's motion seeks to introduce evidence that is factually dissimilar to the alleged offense conduct in this case. Accordingly, the true purpose of the government's Motion is to obtain permission to introduce what is forbidden by Rule 404(b): evidence of bad character. Furthermore, the proposed 404(b) evidence is not necessary to the government's case, and will consume a very significant amount of trial time–much more than the presentation of evidence that is actually relevant to the charges set forth in the indictment. This will not only a waste of resources but, more importantly, will create a serious risk of juror confusion of the issues. The government's motion should be denied.

### DISCUSSION

The government should not be permitted to use the alleged Rule 404(b) evidence. Even if the Court determines that the alleged other acts are admissible for a proper purpose, their introduction would be unfairly prejudicial and create a severe risk of jury confusion.

Accordingly, the government's motion should be denied.

### A. Governing Legal Principles.

In order for evidence of a prior bad act to be admitted, it must be probative of a material issue other than the defendant's character. Fed. R. Evid. 404(b); United Stats v. Linares, 367 F.3d 941, 945 (D.C. Cir. 2004); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)). Permissible issues include proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b). The government's mere invocation of words such as "intent," "knowledge"and "motive," however, does not transform its essentially propensity-based purpose into an otherwise permissible one. See Linares, 367 F.3d at 946 ("[g]iven the evidence in this case, we do not understand how Linares's previous possession of a pistol makes it any more likely that he knowingly possessed a gun this time") (emphasis added); United States v. Daniels, 770 F.2dd 1111, 1116 (D.C. Cir. 1985) ("a concomitant of the presumption of innocence is that a defendant must be tried for what he did, not for who he is"). And, even if the evidence is probative of such an issue, the evidence is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by the likely prejudicial impact of the evidence. Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264).

### B. The Proposed 404(b) Evidence Should Not Be Permitted In This Case As It Is Not Probative Of Any Material Issue Other Than Character.

The Government seeks to introduce four categories of evidence under Rule 404(b), to wit: (1) in August 2004, defendant used a so-called "fictitious instrument" to obtain vehicles from an automobile dealership in Maryland; (2) in August 2006, defendant used another "fictitious instrument" to obtain automobiles in Virginia; (3) in June 2005, defendant opened an account

with PNC Bank and provided for negotiation another "fictitious instrument;" and (4) defendant's conversations with law enforcement regarding his alleged conduct. Aside from the allegation that all of aforementioned events involved "fictitious instruments," the Government's motion draws little connection between those events and the allegations of the indictment <u>in this case</u>. The 2004 and 2006 car incidents do not, for example, involve defendant's communications with banks, and therefore are irrelevant to the allegations in this case, which revolve around two incidents of alleged bank fraud.

      Thus, in this case, evidence concerning the underlying facts of the Mr. Brown's alleged other bad acts is not relevant to prove any material issue. Although the government claims it seeks admission of the prior alleged offenses to prove "intent, knowledge and motive," the government fails to adequately explain how evidence of the alleged prior acts will satisfy any of these purposes. The connection the government makes is that the "pattern of defendant's activities demonstrates defendant's knowledge that the fictitious instruments presented to the credit union were false–a fact the government must prove–making the proffered evidence highly probative of a relevant fact, and therefore, admissible." Gov. Mot. at 9. There is no dispute in this case whether or not these instruments were created by a bank – the defendant already candidly informed law enforcement where he got them from, and it is clear from the face of the documents that these are not bank-issued checks. The origin of the documents is not an issue that will be in dispute at this trial.

      Furthermore, the alleged prior bad acts also do not show "motive." Why would defendant's acquisition of several automobiles in 2004 that were almost immediately re-possessed provide defendant with the "motive" to do anything remotely similar again? Similarly, with respect to the alleged PNC bank incident, PNC bank refused to negotiate defendant's

documents (just as the Treasury Department Credit Union did with respect to the documents relating to the charges in the indictment), so why would this incident provide defendant with a "motive" to go on using the same documents?  Admission of the 404(b) evidence will therefore not serve the government's stated purposes, but rather will serve only to prejudice defendant.  The only purpose admission of the government's purported 404(b) evidence will serve is to make Mr. Brown's propensity to commit the types of crimes alleged in this case, i.e., his character, an issue at trial.

B. **The Prior Bad Acts Evidence Is Not Necessary.**

To be admissible, other acts evidence must also be necessary.  "Evidence is necessary when considered in the light of other evidence available to the government, it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime."  United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997) (internal quotation marks and citation omitted).  The prior acts evidence the government seeks to admit here is not necessary to prove an essential element of the charged offenses because it is not probative of those elements (rather, if probative of anything, it is probative of something impermissible, i.e., propensity).  Furthermore, the relevant facts in this case are not significantly in dispute–the government's proof on the offenses actually charged in the indictment is in the form of video and documents.  The government does not require lengthy evidence of other acts in order to establish the basic facts at issue in the indictment.  The proposed 404(b) evidence should be rejected on this basis as well.

C. **The Prior Bad Acts Evidence Should Be Excluded Under Rule 403.**

Under Rule 403, relevant evidence may be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative

evidence." Fed. R. Evid. 403. Here, the sheer quantity of the 404(b) evidence the government proposes introducing raises very troubling issues. If admitted in toto, the trial of this matter will be largely dedicated to the presentation of 404(b) evidence–rather than the offenses actually charged in the indictment. Additionally, the potential for jury confusion is substantial because the jury will have difficulty keeping the facts of each offense separate: Therefore, evidence concerning the alleged prior bad acts should be excluded under Rule 403, as well.

## CONCLUSION

For the foregoing reasons, defendant Edward E. Brown, Jr., requests that the Court prohibit the government from introducing other crimes evidence under Fed. R. Evid. 404(b).

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Jonathan S. Jeffress
Assistant Federal Public Defender
625 Indiana Avenue, N.W., #550
Washington, D.C. 20004
(202) 208-7500, ex. 134
Jonathan\_Jeffress@fd.org

S