**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 06-295 (RMC)** |
| | : | |
| **EDWARD EVERETT BROWN JR.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO INTRODUCE EVIDENCE OF THE DEFENDANT'S OTHER CRIMES AND BAD ACTS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Reply Memorandum in response to Defendant's Opposition to Government's Motion to Introduce Evidence of the Defendant's Other Crimes and Bad Acts ("Defendant's Opposition").

Defendant claims that because, "[t]he origin of the documents is not an issue that will be in dispute at this trial," therefore, the other bad acts evidence is "not relevant to prove any material issue." See Defendant's Opposition at p. 3. The government submits that the other bad acts evidence is relevant to prove material issues in dispute regarding the defendant's conduct and his intent, knowledge, motive, and lack of mistake or accident. The evidence should be admissible as long as it is relevant to some material issue in dispute and not offered solely to show propensity or bad character. Fed. R. Evid. 404(b); United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir 1990). Furthermore, the probative value of the evidence is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Defendant argues that the other bad acts evidence is factually dissimilar to the alleged

offense conduct in this case. See Defendant's Opposition at 1. That assertion is incorrect. The only difference between the all of the incidents is what the defendant was trying to get by using the fictitious instruments-- money from the financial institutions and vehicles from the car dealerships. The instruments themselves are strikingly similar, in fact, the defendant uses the same routing and account numbers on some of them. See Appendix A, for the credit union instruments and Appendix B for the instruments involved in CarMax (Maryland), PNC Bank and Insiders Autos (Virginia). The defendant's conduct was the same in each incident. In addition to using fictitious instruments to obtain money or goods, the defendant provided the financial institutions and car dealerships with processing instructions for the fictitious instruments, "Silver surety" instruments, a UCC statement and identification. Thus, the defendant's claim that there are no similarities between the incidents, is incorrect. The other bad acts evidence is admissible because it shows the defendant's intent, knowledge, motive and lack of accident or mistake.

A. Intent

The other bad acts evidence is necessary to show the defendant's mind set. The defendant's intent in this case is a material issue as to each count and is in dispute. Although somewhat unclear, it appears that the defendant does not dispute that he produced both fictitious instruments and presented them to the credit union for negotiation.[1] See Defendant's Opposition at p. 3. Therefore, the main issue at trial will be the defendant's intent. Both charges of bank fraud and fictitious instrument have an element that requires the government to prove that the defendant had the intent to defraud. The defendant is likely to assert that he lacked the intent to

[1] The Indictment, however, in Counts II and III, charges defendant with passing, uttering, presenting, offering or attempting to or causing the same, a false or fictitious financial instrument, not with producing them.

defraud and that he had a good faith belief that his activity was legal. The other bad acts evidence shows that he intended to deceive the credit union and negates a good faith defense.

Defendant's statements to law enforcement after the CarMax incident show that his later presentment of a financial instrument to the credit union was done with the intent to defraud. The defendant was aware from his conversations with Detective Medley regarding the CarMax incident that his actions were illegal. Detective Medley told the defendant that passing and presenting fictitious instruments was a violation of law and punishable by incarceration. During his interview with Detective Medley, the defendant even admitted that if a customer were to give him a instrument similar to the one he gave CarMax, he would not accept it because banks would not honor the instrument.[2] This interview directly shows the defendant's intent to defraud. In addition, the defendant was asked about his conversation with Detective Medley by Special Agent Blake after the first credit union fictitious instrument. The defendant denied that Detective Medley told him it was illegal to pass fictitious instruments. This evidence goes to the defendant's credibility and his attempt to cover up his knowledge that his acts were illegal when he presented the fictitious instrument at the credit union.

Additionally, the fact that the defendant presented three other fictitious instrument at Insiders Auto after being told twice by law enforcement that it was illegal to present fictitious instruments for negotiation belies any good faith defense. The other crimes evidence from CarMax and PNC Bank, as well as the Insiders Auto incident also potentially shows willful blindness on the defendant's part.

---

[2] The defendant ran a business called Spiritual Oasis International at the time of the CarMax incident.

B. Knowledge

The CarMax and PNC Bank other bad acts evidence show that the defendant had knowledge that he was not authorized by the United States Treasury to negotiate fake financial instruments. The defendant knew what he was doing was illegal because he was told so by Detective Medley before he attempted to do the same thing at the credit union. The defendant also knew that the fictitious instruments were not negotiable because PNC Bank's legal department told him so by letter(s) several times. The defendant further knew that the fictitious instruments had no financial value and that he had no access to an account at the Treasury Department because he was ultimately unsuccessful in keeping the vehicles from CarMax and unsuccessful at gaining funds through PNC Bank using fictitious instrument similar to the ones in this case.

C. Motive

What was the defendant's motive in presenting two fictitious instruments to the credit union, particularly after he was told it was not legal? The other bad acts evidence from CarMax and Insiders Auto suggests that the defendant acted because he was initially successful in obtaining goods in exchange for the instruments. Two separate merchants actually accepted the instruments and gave the defendant a total of six vehicles in exchange for those instruments.

The defendant claims that the instruments presented to the credit union are "clear from the face of the documents that these are not bank-issued checks." See Defendant's Opposition at p. 3. The government disputes that assertion. Indeed, the other bad acts evidence from CarMax and Insiders Auto prove that the instruments were not clearly fraudulent on their face and in fact, look like a "member of the family of actual financial instruments." Unlike a counterfeit

obligation, the government is not required to show that the instrument appears similar to an existing financial instrument. "The test, then, is not whether the document is similar to any financial obligation in particular, but whether taken as a whole it is apparently a member of the family of "actual . . . financial instruments]" in general. United States v. Howick, 263 F.3d 1056, 1068 (9th Cir. 2001). Here, the other bad acts evidence show that the instruments appear to be an actual financial instrument because they were accepted. It shows the defendant's motive to try again.

D. Lack of Mistake or Accident

Evidence that the defendant presented fictitious instruments before and after the credit union incidents show that the defendant's actions were not accidental or that he was mistaken about the law. The defendant is likely to assert a good faith defense-- that he learned how to prepare and present these fictitious financials instruments purportedly backed by the United States Treasury through research and other individuals. The defendant, however, was told over and over again by the actions of CarMax, PNC Bank, the Treasury Department Federal Credit Union, Insiders Auto and by law enforcement that his interpretation of the law was incorrect and what he was doing was not legal. Therefore, it shows that the defendant did not make a mistake or his conduct was accidental.

Lastly, the defendant argues that the presentation of the other bad acts evidence will consume a significant amount of trial time, waste resources and create a serious risk of confusion to the jury. See Defendant's Opposition at p. 1. None of these assertions are valid. Moreover, the probative value of the other bad acts evidence is not "substantially outweighed" by a risk of unfair prejudice, confusion to the jury or waste of time. See Fed. R. Evid. 403. Apart from the

interview with Detective Medley and evidence from PNC Bank regarding its correspondence with the defendant, neither of which should take a significant amount of time, the other evidence can either be presented by stipulation or the introduction of business records. The jury is unlikely to be confused by the evidence and the Court can give limiting instructions about the use of the other bad acts evidence.

**CONCLUSION**

For the reasons set forth in this Reply and the Government's Motion To Introduce Evidence of the Defendant's Other Crimes and Bad Acts, the government hereby respectfully requests that it be permitted to introduce at trial evidence of regarding the CarMax, Insiders Auto and PNC Bank incidents.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

________________________
Diane G. Lucas, D.C. Bar #443610
Assistant United States Attorney
555 Fourth Street, N.W., Fifth Floor
Washington, DC 20530
(202) 514-7912

Certificate of Service

I hereby certify that on March 30, 2006, a copy of this pleading was served by electronic mail upon Jonathan Jeffress, Esquire., Federal Public Defender's Office.

________________________
Diane G. Lucas
Assistant United States Attorney

Edward Everett Brown, Jr.
3062 Mozart Drive
Silver Spring, MD 20904

US DEPARTMENT OF THE TREASURY RB 504 780 583 US
TREASURY DIRECT PRE-PAID PRIVATE
FOR ELECTRONIC FUNDS TRANSFER ONLY
1500 Pennsylvania. Ave. N.W.
Washington, D.C. 20220
[UNCITRAL Convention]"Articles 1-7, Articles 11, 12 & 13 and Articles 46 (3), Article 47-4, (c)

645
65-270-550

Date July 20, 2005

PAY TO THE ORDER OF EDWARD EVERETT BROWN, JR. $2,900,000.00

TWO MILLION NINE HUNDRED THOUSAND 00/100 Dollars

SUNTRUST
SUNTRUST BANK INTERNATIONAL BILL OF EXCHANGE
[UNCITRAL Convention]"Articles 1-7, Articles 11, 12 & 13 and Articles 46 (3), Article 47-4, (c)

Edward Everett Brown Jr.
"As good as Aval", Authorized Agent
Secured Party, Without Recourse UCC 1-308
This is a cross-borders transaction
Void where prohibited by law

Memo Registered # 228843399 EFT ONLY, ACCT ID RB 905 739 711 US

⑆: 055002707 ⑆: 1000015195653 645

STATEMENT OF ACCOUNT UCC-210 No. 645

| DATE | ACCOUNT NO. | AMOUNT | PREVIOUS BALANCE | CURRENT BALANCE |
|---|---|---|---|---|
| 7/20/05 | 3764491 | $2,900,000.00 | $2,900,000.00 | —$0.00— |

The balance shown above reflects my good faith Statement of Account for the account indicated above. The Account Representative or his designee may correct or approve the statement. If you determine the balance is different than shown above, your documented correction must be returned to me within two weeks, no later than [07-30-05]. Pursuant to UCC 9-210 and its correlating state statute, failure to correct and return this Statement of Account with supporting documentation of indebtedness within two weeks, constitutes your agreement with this accounting, after which you, and your co-business partners may only make a claim up to the amount this statement shows as a balance.

iduciary: This is a non-cash discharge item with an attached charging instrument that has been accepted for value by the principal. The information contained on this International Bill of Exchange [UNCITRAL Convention]"Articles 1-7, Articles 11, 12 & 13 and Articles 46 (3), Article 47-4, (c) is to be presented to the drawee to access a pre-established UCC Contract Trust used for this purpose. Post the uncollected funds into the asset column of the customer's account and charge the offer and acceptance for settlement, prepaid and exempt when entered to the post closing balance. Return to original issue profile is priority exempt after acknowledgement from the principal, a prepaid exchange, a Direct Treasury accrual item, and a US bankruptcy proceeding remedy.

**IMPORTANT NOTICE:**
If you do not know how to process this instrument, forward it to the appropriate department or superior to effect expeditious settlement of the account. Retention of this document constitutes acceptance and intent to perform pursuant to the request made in the accompanying acceptance.

[UNCITRAL Convention]"

Articles 1-7, Articles 11, 12 & 13 and Articles 46 (3), Article 47-4, (c)



UCC-411

100004
65-270-550

CERTIFIED

US DEPARTMENT OF THE TREASURY RB-15 567 255 US
[UNCITRAL Convention] Articles 1-7, Articles 11, 12 & 13 and
Articles 46 (3), Article 47-4, (c)

Edward Brown-Bey
6C Avenue Park Road
West Norwood
London SE27 9 BT

Date: February 17, 2006

$5,500,000.00

PAY TO THE ORDER OF REV. EDWARD EVERETT BROWN, JR.

FIVE MILLION FIVE HUNDRED THOUSAND 00/100 Dollars

Private banker

International [f]
UNCITRAL Convention] Articles 1-7, Articles 11, 12 & 13 and Articles 46 (3), Article 47-4, (c)
Memo: Registered # 228843399 EFT ONLY ACCT ID RA 905 739 711 US

Edward Brown-Bey

"As good as Aval", Authorized Agent
Secured Party, Without Recourse UCC 1-308
This is a cross-borders transaction
Void where prohibited by law

100004

⑆: 062736011 ⑆: 90945490

PLEASE ENDORSE HERE
For Deposit Only
2001B11680

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
ORIGINAL
DOCUMENT
THIS DOCUMENT INCLUDES THE FOLLOWING VALUGUARD SECURITY FEATURES; EXCEEDING FSA GUIDELINES:
• INVISIBLE FLUORESCENT FIBERS
• TWO SOLVENT STAINS
• BROWNSTAIN
• UV DULL
ATTEMPTS TO COPY OR CHEMICALLY ALTER THIS DOCUMENT WILL ACTIVATE VALUGUARD SECURITY FEATURES.

Fax 804 935 4580

| DATE | ACCOUNT NO. | AMOUNT |
|---|---|---|
| 7/26/04 | REMIT AT PAR 9008 | $23,000.00 |

THROUGH EDWARD EVERETT BROWN, JR.
3062 MOZART DRIVE
SILVER SPRING, MD 20904
UCC CONTRACT TRUST #: RB 905 739 711 US- 228843399

CREDIT TO
THE ORDER OF CAR MAX

International (t)

Attention: John Snow, Trustee
Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

REGISTERED
RB 715 567 278 US

Twenty-Three Thousand 00/100

Edward-Everett-Brown Jr.
AUTHORIZATION

Bond # 228843399
(See attached special processing instructions.)

Reference: Prepaid exchange Item
Process through the TT&L account by FedWire
Void where prohibited by law

ψ: 055002707 ψ: 10000015195653: 607

Suntrust

**Statement of Account**

| DATE | ACCOUNT NO. | AMOUNT | PREVIOUS BALANCE | CURRENT BALANCE |
|---|---|---|---|---|
| 7/26/04 | 9008 | $23,000.00 | $23,000.00 | —$0.00— |

**Fiduciary:** This is a noncash discharge item with an attached charging instrument that has been accepted for value by the principal. It is to be presented through electronic medium by FedWire to access a pre-established UCC CONTRACT TRUST used for this purpose. Post the uncollected funds into the asset column of the customer's account and charge the offer and acceptance for settlement, prepaid and exempt when entered to the post closing balance.

Return to original issue profile is priority exempt after acknowledgement from the principal, a prepaid exchange, a direct treasury accrual item, and a US bankruptcy proceeding remedy.

Stock# 2499496
License# B-650-189-238-913

No. 605

| DATE | ACCOUNT NO. | AMOUNT |
|---|---|---|
| 7/26/04 | REMIT AT PAR 9006 | $40,000.00 |

THROUGH EDWARD EVERETT BROWN, JR.
3062 MOZART DRIVE
SILVER SPRING, MD 20904
UCC CONTRACT TRUST #: RB 905 739 711 US- 228843399

CREDIT TO
THE ORDER OF CAR MAX

Attention: John Snow, Trustee
Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

International (t)

REGISTERED
RB 715 567 278 US

Forty Thousand 00/100

Edward-Everett-Brown, Jr.

AUTHORIZATION

Bond # 228843399
(See attached special processing instructions.)

Reference: Prepaid exchange item
Process through the TT&L account by FedWire
Void where prohibited by law

ψ: 055002707 ψ:10000015195653: 605

Suntrust Bank

**Statement of Account**

| DATE | ACCOUNT NO. | AMOUNT | PREVIOUS BALANCE | CURRENT BALANCE |
|---|---|---|---|---|
| 7/26/04 | 9006 | $40,000.00 | $40,000.00 | —$0.00— |

**Fiduciary:** This is a noncash discharge item with an attached charging instrument that has been accepted for value by the principal. It is to be presented through electronic medium by FedWire to access a pre-established UCC CONTRACT TRUST used for this purpose. Post the uncollected funds into the asset column of the customer's account and charge the offer and acceptance for settlement, prepaid and exempt when entered to the post closing balance.

Return to original issue profile is priority exempt after acknowledgement from the principal, a prepaid exchange, a direct treasury accrual item, and a US bankruptcy proceeding remedy.

Have original

Stock # 2427355

No. 604

D1581128

THROUGH EDWARD EVERETT BROWN, JR.
3062 MOZART DRIVE
SILVER SPRING, MD 20904
UCC CONTRACT TRUST #: RB 905 739 711 US- 228843399

| DATE | ACCOUNT NO. | AMOUNT |
|---|---|---|
| 7/26/04 | REMIT AT PAR 9005 | $25,000.00 |

CREDIT TO
THE ORDER OF CAR MAX

AUG 2 0 2004

Attention: John Snow, Trustee
Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

International (t)

Unable to locate
Do Not Redeposit

REGISTERED
RB 715 567 278 US

Twenty Five Thousand 00/100

AUTHORIZATION

Bond # 228843399

(See attached special process...)

604

**"International Bill of Exchange [UNCITRAL Convention]"**
**UNCITRAL Convention Articles 1-7, 11, 12, 13, 46 (3) and 47-4(c)**

**Exempt Priority Pre-Paid UCC Contract Trust Account # RA 905 739 711 US/228843399**

**Drawee: John W. Snow, Trustee**
**EDWARD EVERETT BROWN, JR., Constructive Trust**
**1500 Pennsylvania Avenue NW**
**Washington, DC 20220**

**DOCUMENT NO. 645**
**June 6, 2005**
UCC Exempt Registration No. VA 145-57-079384
CUSIP/AUTOTRIS # 228843399

USD
$2,900,000.00

Payable to the order of: ARCTURUS TELECOMMUNICATIONS ENTERPRISE

Two Million Nine Hundred Thousand and 00/100 United States Dollars
Drawer: :Edward-Everett:Brown, Jr.
This is a cross-borders transaction
Void where prohibited by law

Autograph [signature]
"As good as Aval", Authorized Agent
Secured Party, Without Recourse UCC 1-308

Memo: Routing # 228843399 Account # 100015195653

ψ: 055002707 ψ: ¡100015195653¡ 645

ARD E. BROWN, JR. INC.
P.O. BOX 1000
WARSAW, VA 22572
301 537-8332

CERTIFIED
US DEPARTMENT OF THE TREASURY RB 715 569 075 US
[UNCITRAL Convention]"Articles 1-7, Articles 11, 12 & 13 and Articles 46 (3), Article 47-4, (c).

65-270-550

Date August 15, 2006

PAY TO THE ORDER OF INSIDERS AUTO SALES $22,000.00

TWENTY TWO THOUSAND 00/100 Dollars

Private

International [t]

"As good as Aval", Authorized Agent
Secured Party, Without Recourse UCC 1-308, Diplomatic

UNCITRAL Convention]"Articles 1-7, Articles 11, 12 & 13 and Articles 46 (3), Article 47-4, (c)
Memo PER GUARANTEE OF U.C.C. CONTRACT UNITED STATES TREASURY PRIORITY PREPAID EXEMPT ACCOUNT / Apostille # 175034 This is a cross-borders Transaction
BOND No. C90945490-228843399 EFT ONLY. ACCT ID RA 905 739 711 US
Void where prohibited by law

⑆062736011⑆ 90945490 100085

062736011 0550-0270 000 2200000

2018413907641

Insiders Auto Sales 2018413707641 For Deposit

301-537-8332

301-537-8332

2018413907641 Ahmad Rohani

AUG -9 06

0380 37356

CHECK SAVERS® Document Centers

031200730
WACHOVIA NA SVC071 1492T
PHILA. PA 08162006 01PK

| Item Amount | Item Serial | Item R/T | Item Account | Item Sequence | Item Group | Item Type |
|---|---|---|---|---|---|---|
| $22,000.00 | | 5500270 | 0 | 10713240 | | Transit |

Wachovia Bank, N.A. certifies that the above image is a true and exact copy of the original item issued by the named customer, and was produced from original data stored in the archives of Wachovia Bank, N.A. or its predecessors.

EDWARD E. BROWN, JR. INC.
P. O. BOX 1000
WARSAW, VA 22572

CERTIFIED
US DEPARTMENT OF THE TREASURY RB 715 569 075 US
[UNCITRAL Convention]"Articles 1-7, Articles 11, 12 & 13 and Articles 46 (3), Article 47-4, (c).

100083
65-270-550

Date August 15, 2006

PAY TO THE ORDER OF INSIDERS AUTO SALES $32,500.00

THIRTY TWO THOUSAND FIVE HUNDRED 00/100 Dollars

Private

International (c)

Edward Everett Jr.

"As good as Aval", Authorized Agent

UNCITRAL Convention]"Articles 1-7, Articles 11, 12 & 13 and Articles 46 (3), Article 47-4, (c)

Secured Party, Without Recourse UCC 1-308, Diplomatic

Memo PER GUARANTEE OF U.C.C. CONTRACT UNITED STATES TREASURY PRIORITY PREPAID EXEMPT ACCOUNT / Apostille # 175034 This is a cross-borders Transaction

BOND No. C90945490-228843399 EFT ONLY. ACCT ID RA 905 739 711 US

Void where prohibited by law

⑆: 062736011 ⑆: 90945490 100083

062736011 0003250000
055D-0270

Insiders Auto Sales
2018413107641 for Deposit

0312007304
WACHOVIA NA SVC071 1452T
PHILA, PA 08162006 01PK

CHECK SAVERS® Document Carriers

| Item Amount | Item Serial | Item R/T | Item Account | Item Sequence | Item Group | Item Type |
|---|---|---|---|---|---|---|
| $32,500.00 | | 5500270 | 0 | 10713239 | | Transit |

Wachovia Bank, N.A. certifies that the above image is a true and exact copy of the original item issued by the named customer, and was produced from original data stored in the archives of Wachovia Bank, N.A. or its predecessors.

INSIDER-00003

EDWARD E. BROWN, JR. INC.
P. O. BOX 1000
WARSAW, VA 22572

CERTIFIED
US DEPARTMENT OF THE TREASURY RB 715 569 075 US
[UNCITRAL Convention]"Articles 1-7, Articles 11, 12 & 13 and Articles 46 (3), Article 47-4, (c).

100080
65-270-550

Date August 15, 2006

PAY TO THE ORDER OF INSIDERS AUTO SALES $24,500.00

TWENTY FOUR THOUSAND FIVE HUNDRED 00/100 Dollars

Private

International [t]

"As good as Aval", Authorized Agent
Secured Party, Without Recourse UCC 1-308, Diplomatic

UNCITRAL Convention]"Articles 1-7, Articles 11, 12 & 13 and Articles 46 (3), Article 47-4, (c)
Memo, PER GUARANTEE OF U.C.C. CONTRACT UNITED STATES TREASURY PRIORITY PREPAID EXEMPT ACCOUNT / Apostille # 175034 This is a cross-border Transaction
BOND No. C90945490-228843399 EFT ONLY. ACCT ID RA 905 739 711 US.
Void where prohibited by law

⑆062736011⑆ 90945490 100080

062736011 ⑈000 24 50000⑈
0550-0270 - Suntrust

Insiders Auto Sales
2018413907641 for Deposit

CHECK SAVERS® Document Carriers

AUG -9 06

0312007304
WACHOVIA NA SVC071 1492T
PHILA. PA 08162006 6PK

| Item Amount | Item Serial | Item R/T | Item Account | Item Sequence | Item Group | Item Type |
|---|---|---|---|---|---|---|
| $24,500.00 | | 5500270 | 0 | 10713238 | | Transit |

Wachovia Bank, N.A. certifies that the above image is a true and exact copy of the original item issued by the named customer, and was produced from original data stored in the archives of Wachovia Bank, N.A. or its predecessors.