**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Crim. No. 06-295 (RMC)** |
| | **:** | |
| **EDWARD EVERETT BROWN JR.** | **:** | |

**JOINT PRETRIAL STATEMENT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Edward Everett Brown, Jr., defendant, hereby submit the following joint pretrial statement.

A.     STATEMENT OF THE CASE

The defendant, Edward Everett Brown, is charged by Indictment with three counts: one count of bank fraud and two counts of fictitious instruments for presenting for negotiation with the intent to defraud two separate alleged financial instruments, purportedly authorized and backed by the United States Treasury, to the Treasury Department Federal Credit Union.  The government alleges that on July 18, 2005, the defendant, Edward Everett Brown, Jr., applied for membership and opened an account with the Treasury Department Federal Credit Union, a financial institution.  It further alleges that on July 20, 2005, the defendant presented or caused to be presented to the Treasury Department Federal Credit Union in Washington, D.C., an alleged financial instrument purportedly drawn on an account backed and authorized by the United States Treasury Department for $2.9 million dollars for deposit in the defendant's credit union account. The government alleges that the defendant made efforts to get the credit union to negotiate the alleged instrument.  The Treasury Department Credit Union determined that the instrument was fictitious and did not negotiate the instrument.

The government also alleges that on February 21, 2006, the defendant presented for negotiation at the Treasury Department Federal Credit Union in Washington, D.C. another alleged financial instrument in the amount of $5.5 million dollars on an account purportedly backed and authorized by the United States Department of Treasury.  The government further alleges that the defendant took other steps to get the alleged instrument negotiated and funds from that instrument wired to a settlement company in Maryland for the purchase of property. The Treasury Department Federal Credit Union determined that the alleged financial instrument for $5.5 million dollars was fictitious and never negotiated it.

B.     PROPOSED VOIR DIRE QUESTIONS

1.  The parties agree to the Court's standard voir dire questions.

2.  There are no standard voir dire questions that the parties disagree.

3.  The government has the following additional voir dire questions.  The defendant objects to the government's voir dire question (b).

a.  Do any of you hold strong personal or philosophical feelings about the monetary system of the United States?  If so, what are those feelings?

b.  Are you, or a close relative or friend, a member of or affiliated with any group or organization, whether formal or informal, which is supports a redemption theory related to the monetary system, or engages in advocating reform of the tax system of the United States?  For example: the Pilot Connection Society, the Association de Libertas, We the People, American Rights Litigators, Save-A-Patriot, the Christian Patriot Association, or the Montana Freeman.  If yes:

i.      Which organization?

ii.     Who is the member of the organization?

      iii.       What does the organization advocate?

      iv.       Do you support the organization's mission?

   c.      Have you, or a close relative or friend, ever attended any lecture, seminar, or discussion organized or attended by people who advocate reform of the United States' tax system or the monetary system?

      i.       If so, who attended the seminar?

      ii.       If so, who sponsored the seminar?

   4. The defendant has the following proposed voir dire questions. The government objects to the defendant's proposed voir dire questions (a) and (b).

   a.      During this case, you will hear evidence that Mr. Brown is a member of a nontraditional church and religious organization. Mr. Brown's religion has various views concerning the American political system, including on the distribution of wealth in American and how the American monetary works. Do any of you have feelings this? If so, what are those feelings?

   b.      In this country, Americans have the right under the First Amendment of the United States Constitution to religious liberty. This includes the absolute right of Americans, such as the defendant Mr. Brown, to entertain religious beliefs that are not necessarily shared by the majority of other Americans. The fact that Mr. Brown has different religious beliefs is his absolute right, and I will instruct you not to consider Mr. Brown's different religious beliefs in rendering your verdict. Do any of you have feelings about this? If so, what are those feelings?

   c.      Is there anyone here who thinks that just because a person has unconventional religious beliefs he or she is more likely to commit crimes?

C.     PROPOSED JURY INSTRUCTIONS

The parties agree to the following standard jury instructions.

**Preliminary Instructions Before the Commencement of Trial**

1.  Preliminary Instruction on Notetaking 1.02(A) and (B)[1]

2.  Preliminary Instruction Before Trial 1.03

3.  Stipulations of fact; judicial notice 1.04

4.  Cautionary Instruction Prior to First Recess 1.05

5.  A Juror's Recognition of A Witness or Other Party Connected to the Case 1.22

**Limiting Instructions During the Trial**

6.  Evidence of Other Acts 2.51B

7.  Expert Witness 1.08

**General Instructions - At End of Trial**

8.  Question Not Evidence 1.07

9.  Evaluation of Prior Inconsistent Statement of a Witness (If Applicable) 1.10

10. Evaluation of Prior Consistent Statement of a Witness (If Applicable) 1.11

11. Function of Court 2.01

12. Function of Jury 2.02

13. Jury's Recollection Controls 2.03

14. Evidence in Case 2.04

15. Statements of Counsel 2.05

16. Indictment not Evidence 2.06

17. Inadmissible and Stricken Evidence 2.07

---

[1]    Instructions with accompanying number are drawn from the Bar Association of the District of Columbia's  Criminal Jury Instructions (4th ed. rev. 2002) (The Red Book).

18.    Burden of Proof -- Presumption of Innocence 2.08

19.    Reasonable Doubt 2.09

20.    Direct and Circumstantial Evidence 2.10

21.    Credibility of Witnesses 2.11

22.    Number of Witnesses 2.13

23.    Nature of the Charges 2.14

24.    Right of Defendant Not to Testify (If Applicable) 2.27


25.    Character and reputation of defendant (if warranted) 2.27

26.    Stipulation of Fact 1.04

27.    Stipulation of Testimony 1.04

28.    Transcript of Recordings 2.03

29.    Consensual Recordings 3.11

30.    Defendant as Witness (if Applicable) 2.28

31.    False or Inconsistent Statement by Defendant (if applicable) *(Instruction No. 2.29)*

32.    Multiple Counts - One Defendant 2.52

33.    Election of Foreperson 2.71

34.    Unanimity (Clause One) 2.72

35.    Exhibits During Deliberations (Clause One) 2.73

36.    Possible Punishment Not Relevant 2.74

37.    Communications Between Court and Jury During Deliberations 2.75

38.    Furnishing the Jury With a Copy of the Instructions 2.76

39.    Proof of State of Mind 3.02

40.     On or about - Proof of 3.07

41.     Summary Witness Testimony (if applicable)

42.     Charts and Summaries (if applicable)

4.      Questions by Jurors 1.20 (if applicable)

Attached as Appendix A is the government's proposed special jury instructions.  Attached as Appendix B is the defendant's proposed special jury instructions.  The defendant objects to the government's proposed jury instructions: No. 7 (Disagreement with Law) and 8 (Willful Blindness).  The government objects to the defendant's proposed jury instructions: No. 1 (Preliminary Instruction); No. 4 (Credibility of Witnesses-Law Enforcement Witnesses); No. 5 (Charts and Summaries–Admitted Into Evidence); No. 6 (Charts and Summaries–Not Admitted Into Evidence; No. 7 (Consider Only the Crimes Charged); No. 8 (Unanimity); No. 9 (Duty to Deliberate); No. 10 (Good Faith Defense); No. 11 (Action on the Advice of Counsel–Explained).

D.      EXPERT WITNESSES

_____The government will present James Chitty and Alex Rohan as expert witnesses.  They are document examiners with the Department of Treasury.  James Chitty analyzed two of the fictitious instruments that the defendant presented at CarMax in exchange for vehicles.  Alex Rohan analyzed the two fictitious instruments the defendant presented to the Treasury Department Federal Credit Union for deposit.  They both determined that the examined instruments were  fictitious.  Further, they determined that the examined instruments were not financial instruments authorized by the U.S. Department of Treasury or John Snow, nor were they authentic U.S. Department of Treasury financial instruments.  Additionally, they determined that the examined instruments had no monetary value and were not negotiable instruments.

The defendant is currently considering whether to present expert testimony regarding the

defendant's mental health.  The defendant is awaiting the results of a mental health examination of defendant and will inform the government and the Court of its position as soon as it receives further information on this issue.

E.     MOTIONS IN LIMINE

_____The government anticipates filing a motion in limine opposing any proffered defense expert testimony regarding the defendant's mental state, mental health or his inability to form intent.

_____The defense anticipates filing a motion in limine to exclude or limit the testimony of the government's summary witness.

F.     EXHIBIT LISTS

Attached as Appendix C is the government's exhibit list.

The defendant has no exhibits at this time.

G.     STIPULATIONS

Attached as Appendix D is a list of the government's proposed stipulations.  The defendant has not determined at this time which, if any stipulations, he agrees to.

H.     PROPOSED VERDICT FORMS

_____Attached as Appendix E is the government's proposed verdict form.

Attached as Appendix F is the defendant's proposed verdict forms.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


/s/
Diane G. Lucas, D.C. Bar #443610
Assistant United States Attorney
555 Fourth Street, N.W., Fifth Floor
Washington, DC 20530
(202) 514-7912


/s/
Jonathan Jeffress, D.C. Bar #479074
Federal Public Defender
633 Indiana Avenue N.W.
Washington, DC 20001
Attorney for Edward Everett Brown, Jr.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 06-295 (RMC)** |
| | : | |
| **EDWARD EVERETT BROWN JR.** | : | |

### GOVERNMENT'S  PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its attorneys, pursuant to Rule 30 of the

Federal Rules of Criminal Procedure, respectfully request that the Court give the following jury

instructions in addition to the standard instructions, and further requests leave to file any

additional and further instructions as may appear necessary and proper.  In addition, the

government submits  proposed verdict forms.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

Diane G. Lucas, D.C. Bar #443610
Assistant United States Attorneys
555 4th Street NW, Fourth Floor
Washington, DC 20530
(202) 514-8097

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

### Bank Fraud
### (Count 1)

The defendant is charged in Count 1 with bank fraud in violation of 18 U.S.C. § 1344. This law makes it a crime to execute or attempt to execute a scheme or artifice (1) to defraud a financial institution or (2) to obtain any money or other property of a financial institution by means of false or fraudulent pretenses, representations, or promises.

To find the defendant guilty of bank fraud you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly executed or attempted to execute a scheme or artifice to defraud the Treasury Department Federal Credit Union to obtain money or funds from the Treasury Department Federal Credit Union by means of false or fraudulent pretenses, representations, or promises;

*Second*: The Treasury Department Federal Credit Union was a financial institution within the meaning of the law; in this case that means that the government must prove that Treasury Department Federal Credit Union was whose accounts are insured by the National Credit Union Share Insurance Fund;

Third: the defendant acted with intent to defraud;

Fourth: the false or fraudulent pretenses, representations, or promises that the defendant made were material, meaning they would naturally tend to influence, or were capable of influencing the decision of the Treasury Department Federal Credit Union.

A "scheme or artifice to defraud" includes any design, plan, pattern or course of action,

including false and fraudulent pretenses and misrepresentations, intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent or purpose to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

A statement or representation is "false" or "fraudulent" if it is known to be untrue or is made with reckless indifference to its truth or falsity.

Tenth Circuit Criminal Pattern Instruction 2.58 (2006).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 2**

Fictitious Instrument
(Counts 2 and 3)

In Counts Two and Three, the defendant is charged with a violation of 18 U.S.C. § 514,

which makes it a crime for

(a) Whoever, with the intent to defraud--

(1) passes, utters, presents, offers, brokers, issues, sells, or attempts or causes the

same, or with like intent possesses, within the United States,

any false or fictitious instrument, document, or other item appearing, representing,

purporting, or contriving through scheme or artifice, to be an actual security or other financial

instrument issued under the authority of the United States . . . .

Each count relates to a separate instrument.

18 U.S.C. § 514(a)(2)

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

### Fictitious Instrument-Elements
(Counts 2 and 3)

The crime of fictitious instrument as charged in Counts 2 and 3 of the Indictment, has

three essential elements. For you to find the defendant guilty of this crime, the government must

prove the following elements beyond a reasonable doubt:

*First*, that on or about the dates set forth in the Indictment, in the District of Columbia,

the defendant with the intent to defraud;

*Second*, passed, uttered, presented, offered or attempted to or caused the same;

*Third*, a false or fictitious instrument that appeared, represented, purporting or contrived

to be an actual financial instrument issued under the authority of the United States .

The government is not required to prove that the defendant actually obtained goods or

services with the false or fictitious financial instrument, or that the false or fictitious financial

instrument was similar to a genuine financial instrument. However, the government must prove

that the false or fictitious financial instrument appeared to be within the class of genuine

financial instruments.

18 U.S.C. § 514(a)(2); Eight Circuit Model Criminal Jury Instruction No. 3.09; <u>United States v. Howick</u>, 263 F.3d 1056, 1068 (9th Cir. 2001), <u>United States v. Prosperi</u>, 201 F.3d 1335, 1344, n.14 (11th Cir. 2000).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

Fictitious Instrument
(First Element)

As to the first element of fictitious instrument, to act with an "intent to defraud" means to act knowingly and with the intent or the purpose to deceive or to cheat.  An intent to defraud is accompanied, ordinarily, by a desire or a purpose to dishonestly bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person. The government need not prove that the defendant intended to defraud any particular person, so long as it proves that the defendant intended to defraud any person.

Source:  O'Malley, et al., <u>Federal Jury Practice and Instructions</u> (5th ed. 2000), Section 47.14.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

Fictitious Instrument
(Second Element)

As to the second element, that the defendant "passed, uttered, presented, offered or attempted to or caused the same," the government is not required to prove all of these acts, only that the defendant did at least one of these acts. If you find that the defendant did one or more of these things, then the second element is satisfied.

The term "passed" means to give an instrument in payment or exchange for something.

The term "uttered" means to declare that an instrument is good, or to offer to show that it is good. It means putting or sending into circulation, but does not require proof that anything of value was received in exchange for the instrument. To merely show an instrument without an offer to pass it is not to utter it. An instrument is uttered when it is delivered for the purpose of being passed.

The terms "presented, " and "offered" are commonly used words and are to be given their ordinary meaning.

The terms "attempted to" means that the defendant intended to commit the act, and took a substantial step in an effort to bring about or accomplish the act.

The terms "caused the same" means that you may find the defendant guilty of the crime charged in the Indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict the defendant of the offense charge if you find that the government has proved

beyond a reasonable doubt each essential element of the offense and that the defendant willfully

caused such an act to be done, with the intent to commit the crime.

18 U.S.C. § 514; Sand, Modern Federal Jury Instructions, 21-7 (counterfeit obligations or
securities of the United States); United States v. Howick, 263 F. 3d 1056 (9th Cir. 2001);  Red
Book Instruction 4.05 selecting appropriate language

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

Fictitious Instrument
(Third Element)

As to the third element, "a false and fictitious financial instrument that appeared, represented, purporting or contrived through a scheme or artifice to be an actual financial instrument issued under the authority of the United States," the government must prove beyond a reasonable doubt that the instrument, appeared, represented, purported or contrived through a scheme or artifice to be an actual security or other financial instrument issued under the authority of the United States.

The terms "false and "fictitious" are commonly used words and are to be given their ordinary meaning.

The terms "security" and "financial instrument" as defined by statute means a note, treasury stock certificate, bond, treasury bond, debenture, certificate of deposit, interest coupon, bill, check, draft, warrant, debit instrument, money order, traveller's check, letter of credit, warehouse receipt, negotiable bill of landing, evidence of indebtedness and any other financial instrument.

The terms "scheme" is simply a plan for the accomplishment of an object.

The term "artifice" is simply a device for the accomplishment of an object.

18 U.S.C. § 513(c); 18 U.S.C. § 514; Sand, Modern Federal Jury Instructions, 44-4 (Existence of a Scheme or Artifice); United States v. Howick, 263 F. 3d 1056 (9th Cir. 2001) .

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

(Disagreement With Law)

Mere disagreement with the law in and of itself is not a defense to the charges in the Indictment. Nor does a person's disagreement with the Government's monetary system and policies constitute a defense. However, you may consider evidence of a defendant's disagreement with the government's monetary system and policies in deciding whether the defendant acted with the intent to defraud.

United States v. Miller, 634 F.2d 1134, 1135 (8th Cir. 1980).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 8**

<u>Willful Blindness</u>

In deciding whether defendant knew what the law required of him, you may infer that defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact in question. Second, that the defendant consciously and deliberately avoided learning of that fact. That is to say, the defendant willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

<u>United States v. Alston-Graves</u>, 435 F.3d 331, 335 (D.D.C. 2006). Pattern Jury Instructions for the District Courts of the First Circuit, Section 2.15; <u>United States v. Gabriele</u>, 63 F.3d 61, 66 n.6 (1st Cir. 1995), <u>United States v. Brandon</u>, 17 F.3d 409, 451-52 n.72 (1st Cir. 1994).

**PRELIMINARY INSTRUCTION - PROPOSED JURY INSTRUCTION NO. 1**

The defendant, Edward Everett Brown, is charged by Indictment with three counts: one count of bank fraud and two counts of fictitious instruments for presenting for negotiation with the intent to defraud two separate alleged financial instruments, purported authorized and backed by the United States Treasury, to the Treasury Department Federal Credit Union

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of Mr. BROWN, or draw any conclusion about the guilt of Mr. BROWN just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that Mr. BROWN committed the offenses with which he has been charged. Mr. BROWN has been charged with one count of bank fraud and two counts of fictitious instruments.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with Mr. BROWN throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove Mr. BROWN guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require Mr. BROWN to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which Mr. BROWN is charged, it is your duty to find him guilty. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find Mr. BROWN not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the "defendant." When I mention the "government," I am referring to the prosecutor who is presenting the evidence in support of the charges contained in the indictment. In this case, that person is Diane Lucas from the United States Attorney's Office. When I mention the defendant, I am referring either to Mr. BROWN or to his attorney, Mr. Jonathan Jeffress of the Federal Public Defender.

As the first step in this trial, the government and Mr. BROWN will have an opportunity to make opening statements. If the government makes an opening statement it must do so at the beginning of its case. Mr. BROWN may make an opening statement immediately after the government's opening statement, or may wait until the beginning of his case. Mr. BROWN does not have to make any opening statement. The opening statements are only intended to help you understand the evidence that the lawyers expect will be introduced. The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence that it submits supports the charges in the indictment. After the government presents its evidence, Mr. BROWN may present evidence, but he is not required to do so. The law does not require Mr. BROWN to prove his innocense or to produce any evidence.

At the end of all the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your

verdicts shall be. Your verdict on each count must be unanimous; that is, for each of the seven counts in the indictment, all twelve jurors must agree on the verdict.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law which applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You -- and only you -- are the judge of facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide whether to believe any witness, and if you do, to what extent to believe that witness's testimony.

And remember, you must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and exhibits. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are

admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party he represents. Indeed, it is the lawyer's responsibility to object to evidence that he believes is not properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must forget both the question and the answer that were stricken. You should follow this same rule if any of the exhibits are stricken.

You must not be influenced by the nature of the charges in arriving at your verdicts. Your responsibility is to decide this case solely on the evidence presented in the courtroom. As a result, you must not conduct any independent investigation of your own of the case. Additionally, under no circumstances should nay of you use the internet for any purpose related to the case. Do not use it to access any potential media coverage, to research any legal or factual issues, or for any other purposes.

In addition, you should disregard any statements made about the case by anyone outside the courtroom. You must not talk about the case with the lawyers, the defendant, witnesses, or anyone else connected with the case. If you see someone involved in this case outside the courtroom, other than a fellow juror, you should not speak with that person about anything. If, at

any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion. If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury and start all over again.

Until the case is submitted to you, you must not talk about it with your fellow jurors. You must not talk about the case to your friends or relatives, or even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

## MR. BROWN'S PROPOSED JURY INSTRUCTION NO. 2

### (Pretrial Publicity)

There may have been publicity about this case prior to the beginning of this trial.  The statements contained in some of these accounts may not be accurate.  They may have come from individuals who will neither be present in court to be seen and evaluated by the jury nor examined or cross-examined under oath by either of the parties like the witnesses in this case will be.  These statements may be one's person opinion or speculation, or even unfounded rumor, dressed up as fact.  You, of course, must lay aside and completely disregard anything you may have read or heard about the case outside of this courtroom because your verdicts must be based solely and exclusively on the evidence presented here in court.[1]

---

[1]     Adapted from 1A Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions* § 10.02 (5th ed. 2000) [hereinafter "O'Malley"].

## MR. BROWN'S PROPOSED JURY INSTRUCTION NO. 3

### (The Government as a Party)

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the prosecution to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.[2]

---

[2]    Adapted from 1 Leonard Sand et. al, *Modern Jury Instructions - Criminal* Instruction 2-5 (2005) ["Sand"].

## MR. BROWN'S PROPOSED JURY INSTRUCTION NO. 4

### (Credibility of Witnesses -- Law Enforcement Witnesses)

You have heard the testimony of witnesses employed by law enforcement agencies.  The fact that a witness may be employed by a law enforcement agency does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of the law enforcement witnesses on the ground that their testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give to that testimony whatever weight, if any, you find it deserves.[3]

---

[3]     Adapted from 1 Sand, Instruction 7-16.

## MR. BROWN'S PROPOSED JURY INSTRUCTION NO. 5

### (Charts and Summaries -- Admitted Into Evidence)

Charts and summaries prepared by the government and the defense have been admitted into evidence and shown to you during the trial for the purpose of explaining facts that are contained in books, records, or other documents. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.[4]

---

[4]    Adapted from O'Malley, § 14.02

## MR. BROWN'S PROPOSED JURY INSTRUCTION NO. 6

### (Charts and Summaries -- Not Admitted Into Evidence)

During the trial you have seen counsel use summaries and charts which were not admitted as evidence, but were used to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any facts.[5]

---

[5]     *Sixth Circuit Criminal Pattern Jury Instructions*, 7.12 (2005) *["Sixth Circuit Criminal Instructions"]*.

## MR. BROWN'S PROPOSED JURY INSTRUCTION NO. 7

### (Consider Only the Crimes Charged)

You are here to decide whether the government has proved beyond a reasonable doubt that Mr. Naegle is guilty of the crimes charged. Mr. BROWN is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you to be concerned with the guilt of any other person or persons not on trial as a defendant in this case. The possible guilt of others is no defense to a criminal charge. Your job, simply put, is to decide if the government has proved Mr. BROWN guilty beyond a reasonable doubt of the charges in the indictment.[6]

---

[6] Adapted from Fifth Circuit District Judges' Association, *Pattern Jury Instructions (Criminal Cases)*, Instruction 1.19 (2001) ["*Fifth Circuit Criminal Instructions*"]; *Sixth Circuit Criminal Instructions,* Instruction *2.01; see also* O'Malley, § 12.09.

## MR. BROWN'S PROPOSED JURY INSTRUCTION NO. 8

### (Unanimity)

The verdict must represent the considered judgment of each juror.  In order to return verdicts on the five counts in the indictment, each juror must agree to the verdict for each count of the indictment.  Your verdicts, therefore, must be unanimous.[7]

---

[7]    *See Criminal Instructions,* Instruction 2.42.

## MR. BROWN'S PROPOSED JURY INSTRUCTION NO. 9

### (Duty to Deliberate)

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict. Remember at all times that you are not partisans. You are judges -- judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of the trial is intended in any way, to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdicts I think you should return. What the verdicts shall be is the exclusive duty and responsibility of the jury. As I have told you may times, you are the sole judges of the facts.[8]

---

[8]    Adapted from O'Malley, § 20.01.

## MR. BROWN'S PROPOSED JURY INSTRUCTION NO. 10

### (Good Faith Defense)

Mr. BROWN's good faith is a complete defense to each of the charges in the indictment because good faith on the part of the defendant is inconsistent with a finding that he knowingly and intentionally committed any of the alleged offenses.

A person who makes a statement based on a belief or opinion honestly held is not punishable under these statutes merely because the statement turns out to be inaccurate, incorrect, or wrong. Making an honest statement that turns out to be inaccurate, incorrect, or wrong because of mistake, confusion, or misunderstanding, or even carelessness, does not rise to the level of criminal conduct. An honest belief or "good faith" belief is a complete defense to the charges because such an honest or "good faith" belief is inconsistent with the intent to commit the alleged offenses.

In determining whether or not the government has proven that Mr. BROWN acted with an intent to commit the offenses alleged in the indictment or whether Mr. BROWN acted in good faith, you must consider all of the evidence received in this case bearing on his state of mind.

The burden of proving good faith does not rest with Mr. BROWN, because he does not have any obligations to prove anything in this case. It is the government's burden to prove beyond a reasonable doubt that Mr. BROWN acted with the intent to commit the offenses charged. If the evidence in this case leaves you with a reasonable doubt as to whether Mr. BROWN acted with criminal intent or in good faith, you must find Mr. BROWN not guilty.[9]

---

[9]     Adapted from O'Malley, § 19.06.

## MR. BROWN'S PROPOSED JURY INSTRUCTION NO. 11

### (Action on the Advice of Counsel -- Explained)

#### (If Applicable)

Mr. BROWN claims that he is not guilty of certain offenses charged in the indictment because he acted on the basis of advice from his attorney.

If before taking any action–or failing to take any action–Mr. BROWN, while acting in good faith and for the purpose of securing advice on the lawfulness of his actions:

1) sought and obtained the advice of an attorney whom he considered to be competent, and

2) made a full and accurate report or disclosure to this attorney of all important and material facts of which he had knowledge or had the means of knowing, and then

3) acted strictly in accordance with the advice his attorney gave following the full report or disclosure, then Mr. BROWN would not be willfully or deliberately doing wrong in performing or omitting some act the law forbids or requires as those terms are used in these instructions.

Whether Mr. BROWN acted in good faith for the purpose of truly seeking guidance as to questions about which he was in doubt, and whether he made a full and complete report or disclosure to his attorney, and whether he acted strictly in accordance with the advice received, are all questions for you to determine.[10]

---

[10]        Adapted from O'Malley, § 19.08.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Crim. No. 06-295 (RMC)** |
| | : | |
| EDWARD EVERETT BROWN JR. | : | |

GOVERNMENT'S EXHIBIT LIST

| Exhibit | Description | Witness Name | Obj'n | Adm |
|---|---|---|---|---|
| 1 | Instrument dated July 20, 2005, labeled "US Department of the Treasury" number 645, payable to Edward Everett Brown, Jr., in the amount of $2,900,000.00 | | | |
| 2 | Deposit slip dated July 20, 2005 for $2,900,000.00 (Treasury 000016) | | | |
| 3 | Envelope used to deliver items to TDFCU on July 20, 2005 | | | |
| 4 | TDFCU Membership application signature card dated July 18, 2005 (Treasury 00003-00004) | | | |
| 5 | Original Silver Surety Bond dated July 20, 2005 (Treasury 00018) | | | |
| 6 | Videotape of August 5, 2005 meeting between defendant and Timothy Anderson | | | |
| 7 | Copy of Defendant's identification presented to TDFCU (Treasury 00002) | | | |
| 8 | Fax cover sheet, dated July 21, 2005 to Timothy Anderson from defendant with Processing Instructions (Treasury 00030-00031) | | | |
| 9 | Certificate of Service re: letter "In Admiraly" (Treasury 00023) | | | |
| 9a | Document entitled "In Admiraly" dated August 26, 2005 addressed to Timothy Anderson (Treasury 00021-00022) | | | |
| 9b | Document Titled "First Come First Honored" (Treasury 00020) | | | |
| 10 | Wire Instructions | | | |
| 11 | Instrument dated February 17, 2006, labeled "Certified US Department of the Treasury" number 100004, payable to Rev. Edward Everett Brown, Jr., in the amount of $5,500,000.00 (Treasury 00041-00042) | | | |
| 12 | Deposit slip dated February 21, 2006 for $5,500,000.00 (Treasury 00043) | | | |
| 13 | Videotape dated February 23, 2006 between defendant and Shawn Kahler | | | |
| 14 | Deposit slip dated February 23, 2006 for $5,500,000.00 (Treasury 00046) | | | |
| 15 | Wire Transfer Request dated February 23, 2006 (Treasury 00045) | | | |
| 16 | Fax dated February 23, 2006 re: wire instructions (Treasury 00047) | | | |
| 17 | Audiotaped conversation August 17, 2005 | | | |

| 18 | Defendant's TDFCU statement of accounts from July 18, 2005 through December 31, 2005 (Treasury 00005-00008) | | | |
|---|---|---|---|---|
| 19 | Defedendant's TDFCU activity from January 2006 through March 2006 (Treasury 00009) | | | |
| 20 | Visitor Log dated July 2005 (Treasury 00032) | | | |
| 21 | Suntrust Bank Statements (SUN-00001 through 00002) | | | |
| 22 | Instrument dated 2/7/06, numbered 654, made payable to Coldwell Banker for $50,000 (Cedan-00343) | | | |
| 23 | Processing Instructions given to Coldwell Banker for $50,000 instrument (Cedan-00344) | | | |
| 24 | Original Silver Surety Bond dated February 24, 2006 given to Coldwell Banker (Cedan-30015) | | | |
| 25 | Fax Cover dated 2/24/06 re: trust certficate (Cedan-00327) | | | |
| 25a | Arcturus Telecommunications Enterprise Trust certificate (Cedan-00326) | | | |
| 26 | HUD-1 for 15604 Holly Grove Road, Silver Spring, MD (Cedan-00031-00032) | | | |
| 27 | Matt Hurd's e-mail dated February 22, 2006 to Carol Wildesen (Cedan-00146) | | | |
| 28 | Fax Sheet dated February 21, 2006 re: Copy of Statement of Account (Cedan-00337) | | | |
| 28a | Addendum to Contract of Sale dated February 21, 2006 (Cedan-00338) | | | |
| 28b | Statement of Account, numbered 100004, dated February 17, 2006 showing $5.5 million, Account No. 3764496 (Cedan-00339) | | | |
| 28c | Department of Assessments and Taxation dated February 17, 2006 noting acceptance of UCC filing (Cedan-00331) | | | |
| 28d | UCC filing statement, dated February 17, 2006 (Cedan-00332) | | | |
| 29 | Addendum to Contract for Sale dated February 21, 2006 with Carlos Peters signature (Cedan-00 313) | | | |
| 30 | Addendum to Contract for Sale dated February 24, 2006 (Cedan-00316) | | | |
| 31 | Maryland Contract for Sale of 15604 Holly Grove Road (Cedan -00363-00372) | | | |
| 32 | Instrument dated June 6, 2005, labeled "International Bill of Exchange" number 645, payable to Arcturus Telecommunications Enterprise in the amount of $2,900,000.00 | | | |
| | | | | |

| 33 | Instrument and Deposit Slip for $2,900,000 at PNC Bank (PNC-00036) | | | |
|---|---|---|---|---|
| 34 | Defendant's Driver's License presented to PNC Bank (PNC-00022) | | | |
| 35 | Maryland Silver Surety Bond presented to PNC Bank (PNC-00017) | | | |
| 36 | PNC Bank Computer Printout of Arcturus Telecommuncations account (PNC-000327-00040) | | | |
| 37 | UCC Financing Statement presented to PNC Bank | | | |
| 38 | Letter from Joel Gold to defendant dated June 21, 2005 | | | |
| 38a | Letter from Joel Gold to defendant dated July 13,  2005 | | | |
| 38b | Letter from Joel Gold to defendant dated August 8, 2005 | | | |
| 38c | Letter from Joel Gold to defendant dated August 30, 2005 | | | |
| 38d | Letter from Joel Gold to defendant dated September 21, 2006 | | | |
| 38e | Letter from Joel Gold to defendant dated January 3, 2007 | | | |
| 39 | Maryland Drivers' license provided by Brown to Insiders Auto on August 15, 2006 (Insider-00001) | | | |
| 40 | Instrument dated August 15, 2006, Certified "US Department of the Treasury" number 100080, payable to Insiders Auto, in the amount of $24,500 (Insider-00004) | | | |
| 41 | Instrument dated August 15, 2006, Certified "US Department of the Treasury" number 100085, payable to Insiders Auto, in the amount of $22,000 (Insider-00002) | | | |
| 42 | Instrument dated August 15, 2006, Certified "US Department of the Treasury" number 100083, payable to Insiders Auto, in the amount of $32,500 (Insider-00003) | | | |
| 43 | Sales Contract Insiders Auto | | | |
| 44 | Sales Contract Insiders Auto | | | |
| 45 | CarMax Buyer's Order for 2005 Toyota Camry, August 8, 2004 (CarMax-00006) | | | |
| 46 | CarMax Buyer's Order for 2005 Toyota Corolla dated August 10, 2004 (CarMax- 0008) | | | |
| 47 | CarMax Buyer's Order for 2005 Toyota Sienna dated Dated August 8, 2004 (CarMax- 00010) | | | |
| 48 | Instrument dated July 26, 2004 for $40,000, | | | |

| 49 | Instrument dated July 26, 2004 for $25,000, numbered 604 (CarMax-00004) | | | |
| 50 | Instrument dated July 26, 2006 for $23,000 numbered 607 (CarMax-00007) | | | |
| 51 | Processing Instructions provided to CarMax for $25,000, $23,000, $40,000 | | | |
| 52 | UCC Statement Amendment dated July 28, 2004 from WVA re: checks (CarMax-00002) | | | |
| 53 | Miranda Warnings dated 1/14/05 | | | |
| 54 | Defendant's Statement written statement dated 1/14/05 | | | |
| 55 | Report by James Chitty re: CarMax instruments | | | |
| 56 | Report by Alex Rohan re: TDFCU instruments | | | |
| 57 | Report by Scott Walters re: Carmax instrument | | | |
| 58 | TDFCU Photograph of defendant on July 20, 2005 | | | |
| 59 | TDFCU Photograph of defendant on July 20, 2005 | | | |
| 60 | BOA bank records | | | |
| 61 | Treasury Department Federal Credit Union bank records | | | |
| | | | | |

Respectfully submitted

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:

Diane G. Lucas
Susan Menzer
Assistant United States Attorney
555 4th Street, N.W., 5th Floor
Washington, DC  20530
202-514-8097 (Lucas)
202-514-6968 (Menzer)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA      :
     :
         v.      :     **Crim. No. 06-295 (RMC)**
     :
EDWARD EVERETT BROWN JR.      :

## GOVERNMENT'S PROPOSED STIPULATIONS

The government proposes the following stipulations between the United States, the

defendant EDWARD EVERETT BROWN JR and his counsel:

1. Exhibit No. 1, an instrument labeled "Certified US Department of the Treasury,"

numbered 645, dated July 20, 2005 and made payable to Edward Everett Brown Jr. for

$2,900,000.00 was examined by Alexis M. Rohan, Chief Document Analyst, Department of the

Treasury. If Alexis M. Rohan, were called to testify as an expert witness, he would testify that he

examined Exhibit No. 1 and it is not a financial instrument certified or backed by the United

States Department of the Treasury, is not a negotiable instrument, has no legal authority and no

financial value.

2. Exhibit No. 11, an instrument labeled "Certified US Department of the Treasury,"

numbered 100004, dated February 17, 2006 and made payable to Rev. Edward Everett Brown Jr.

for $5,500,000.00 was examined by Alexis M. Rohan, Chief document Analyst, Department of

the Treasury. If Alexis M. Rohan were called to testify as an expert witness, he would testify that

he examined Exhibit No. 11 and it is not a financial instrument backed or certified by the United

States Department of the Treasury, is not a negotiable instrument, has no legal authority and no

financial value.

3. On August 8, 2004, Edward Everett Brown Jr. presented to CarMax in Laurel,

Maryland, Exhibit No. 49, an instrument numbered 604, dated July 26, 2004 and made payable to CarMax for $25,000 in exchange for a 2005 Toyota Camry. Exhibit No. 49 is not a financial instrument backed or certified by the United States Department of Treasury, is not a negotiable instrument, has no legal authority and no financial value.

4. Exhibit No. 49, an instrument numbered 604, dated July 26, 2004 and made payable to CarMax for $25,000.00 was examined by James B. Chitty Sr., Senior Document examiner, Department of the Treasury. If Mr. Chitty, were called to testify as an expert witness, he would testified that he examined Exhibit No. 49 and it is not certified or back by the United States Department of Treasury, is not a negotiable instrument, has no legal authority and no financial value.

5, On August 8, 2004, Edward Everett Brown Jr. presented to CarMax in Laurel, Maryland, Exhibit No. 48, an instrument numbered 605, dated July 26, 2004 and made payable to CarMax for $40,000, in exchange for a 2005 Toyota Sienna. Exhibit No. 48 it is not certified or back by the United States Department of Treasury, is not a negotiable instrument, has no legal authority and no financial value.

6. On August 10, 2004, Edward Everett Brown Jr. presented to CarMax in Laurel, Maryland, Exhibit No. 50, an instrument numbered 607, dated July 26, 2004 and made payable to CarMax for $23,000, in exchange for a 2005 Toyota Corolla. Exhibit No. 50 is not certified or back by the United States Department of Treasury, is not a negotiable instrument, has no legal authority and no financial value.

7. On June 6, 2005, Edward Everett Brown, Jr., as sole signatory, attempted to open an account with PNC Bank in the name of Arcuturus Telecommunications Enterprise by presenting Exhibit No. 32, an instrument labeled "International Bill of Exchange [UNCITRAL

Convention]," drawee, John W. Snow, Trustee, numbered 645, dated June 6, 2005 and made payable to Arcturus Telecommunications Enterprise in the amount of $2,900,000.00. Exhibit No. 32 is not certified or backed by the United States Department of Treasury, is not a valid financial instrument, has no legal authority and no financial value.

8. On August 15, 2006, Edward Everett Brown presented to Insiders Auto in Manassas, Virginia, Exhibit No. 40, an instrument labeled "Certified US Department of the Treasury" numbered 100080 and made payable to Insiders Auto, in the amount of $24,500 in exchange for a vehicle Exhibit No. 40 is not certified or back by the United States Department of Treasury, is not a negotiable instrument, has no legal authority and no financial value.

9. On August 8, 2004, Edward Everett Brown Jr. presented to Insiders Auto in Manassas, Virginia, Exhibit No. 41, an instrument labeled "Certified US Department of the Treasury" number 100085 and made payable to Insiders Auto, in the amount of $22,000, in exchange for a vehicle. Exhibit No. 41 is not certified or back by the United States Department of Treasury, is not a negotiable instrument, has no legal authority and no financial value.

10. On August 8, 2004, Edward Everett Brown Jr. presented to Insiders Auto in Manassas, Virginia, Exhibit No. 42, an instrument labeled "Certified US Department of the Treasury" number 100083 and made payable to Insiders Auto, in the amount of $32,500, in exchange for a vehicle. Exhibit No. 42 is not certified or back by the United States Department of Treasury, is not a negotiable instrument, has no legal authority and no financial value.

11. The Treasury Department Federal Credit Union is a financial institution with branches located in Washington, D.C. and whose accounts are insured by the National Credit Union Share Insurance Fund.

12. The United States Department of Treasury is an agency within the United States

government.  A function of the Department of Treasury is to manage federal finances and

government accounts.

13.  Suntrust Bank Account No. 1000015195653 in the name of Edward Everett Brown

Jr. was opened on July 15, 2003 and closed on August 5, 2003.

14.  Exhibits 58 and 59 are photographs of Edward Everett Brown Jr. entering the

Treasury Department Federal Credit Union located at 17th and G Streets N.W. in Washington,

D.C. on July 20, 2005.

It is further stipulated and agreed that this stipulation may be offered and admitted into

evidence without further foundation and that it may be read to the jury in its entirety in lieu of the

offer of further testimonial or documentary evidence.


_____          _____
Diane Lucas                               Jonathan Jeffress, Esq.
Assistant U.S. Attorney                   Counsel for Edward Everett Brown, Jr.



                                          _____
                                          Edward Everett Brown, Jr.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     :
                                 :

         v.                      :     **Crim. No. 06-295 (RMC)**

                                  :

EDWARD EVERETT BROWN JR.     :

## GOVERNMENT'S PROPOSED JURY VERDICT FORM

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Edward Everett Brown, Jr., defendant, hereby submit the following joint proposed jury verdict form.

### COUNT 1 (BANK FRAUD):

As to count 1 of the grand jury indictment, charging defendant Edward Everett Brown Jr., with bank fraud, we, the members of the jury, do hereby find the defendant Edward Everett Brown Jr.:

       _____GUILTY            _____NOT GUILTY

### COUNT 2 (FICTITIOUS INSTRUMENT):

As to count 2 of the grand jury indictment, charging defendant Edward Everett Brown Jr., with fictitious instrument, we, the members of the jury, do hereby find the defendant Edward Everett Brown Jr.:

       _____GUILTY            _____NOT GUILTY

**COUNT 3 (FICTITIOUS INSTRUMENT):**

As to count 3 of the grand jury indictment, charging defendant Edward Everett Brown Jr.,

with fictitious instrument, we, the members of the jury, do hereby find the defendant Edward

Everett Brown Jr.:

_____GUILTY                        _____NOT GUILTY

_____

FOREPERSON/JUROR NO.

_____

DATE

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____

DIANE G. LUCAS
ASSISTANT U.S. ATTORNEY
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 06-295 (RMC)** |
| | : | |
| **EDWARD EVERETT BROWN JR.** | : | |

## DEFENDANT'S PROPOSED JURY VERDICT FORM

Edward Everett Brown, Jr., defendant, hereby submits the following proposed jury verdict form.

### COUNT 1 (BANK FRAUD):

As to count 1 of the indictment, charging defendant Edward Everett Brown Jr., with bank fraud, we, the members of the jury, do hereby find the defendant Edward Everett Brown Jr.:

_____GUILTY                    _____NOT GUILTY

### COUNT 2 (FICTITIOUS OBLIGATIONS):

As to count 2 of the grand jury indictment, charging defendant Edward Everett Brown Jr., with the fraudulent use of fictitious obligations between July 20, 2005 and August 5, 2005, we, the members of the jury, do hereby find the defendant Edward Everett Brown Jr.

_____GUILTY                    _____NOT GUILTY

### COUNT 3 (FICTITIOUS OBLIGATIONS):

As to count 3 of the grand jury indictment, charging defendant Edward Everett Brown Jr., with the fraudulent use of fictitious obligations between February17, 2006 and February 23, 2006, we, the members of the jury, do hereby find the defendant Edward Everett Brown Jr.

_____GUILTY                    _____NOT GUILTY

_____

FOREPERSON/JUROR NO.


_____

DATE

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


_____

DIANE G. LUCAS
ASSISTANT U.S. ATTORNEY
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912


_____

JONATHAN JEFFRESS
Federal Public Defender
625 Indiana Avenue NW
Washington, DC 20004
(202) 208-7500