IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-295 (RMC) |
| EDWARD E. BROWN, JR., | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT EDWARD E. BROWN, JR.'S MOTION
TO EXCLUDE SUMMARY WITNESS TESTIMONY**

Defendant, Edward Brown, Jr., through counsel, respectfully submits this motion to exclude the government's summary witness. The facts and circumstances of this case do not support the use of a summary witness. The government's intended summary witness should therefore be excluded.

In support of this motion, Mr. Brown respectfully submits as follows:

1. Mr. Brown is currently charged by indictment with one count of Bank Fraud, in violation of 18 U.S.C. § 1344, and two counts of Fictitious Instruments, in violation of 18 D.C. Code § 514. Trial is set to begin April 10, 2007.

2. The Government has informed the defense that it intends on using a summary witness at trial. Based on the government's representations, the witness will testify about, <u>inter alia</u>, various banking transactions allegedly engaged in by defendant. This summary witness will be in addition to an estimated <u>twelve other government witnesses</u>, who, by their testimony, will cover every aspect of this case, including every aspect of the government's intended Rule 404(b) evidence. Given those circumstances, and in light of the legal framework set forth below, there is

no need or cause for the government to present the testimony of a summary witness at trial.

3.      The use of a summary witness may be proper in very rare situations only.  See United States v. Kayode, 254 F.3d 204, 212 (D.D.C. 2001) (recognizing as error the admission of evidence from a summary witness having no personal knowledge).  This case, which is a relatively straightforward one that should be tried in fewer than four days, does not present one of those situations.  Cf. United States v. Ray, 370 F.3d 1039, 1046 (10th Cir. 2004) ("In complex tax cases, we have allowed the government to admit summary testimony so long as the district court gives appropriate limiting instructions").  As courts have recognized, the hearsay that is attendant to a summary witness is no less problematic "merely because it is provided by a government agent in the form of an overview of the evidence."  United States v. Garcia-Morales, 382 F.3d 12, 17 (1st Cir. 2004); see also Kayode, 254 F.3d at 211-212; United States v. Casas, 3566 F.3d 104, 119. (1st. Cir. 2004) (joining the Fifth Circuit in "unequivocally condemn(ing)" overview testimony).

WHEREFORE, defendant respectfully requests that this Court exclude the government's proposed summary witness.

                            Respectfully submitted,

                            A.J. KRAMER
                            Federal Public Defender

                            _____/s/_____
                            Jonathan S. Jeffress
                            Assistant Federal Public Defender
                            625 Indiana Avenue, N.W., Ste 550
                            Washington, D.C.  20004
                            (202)  208-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 06-295 (RMC) |
| | ) | |
| **EDWARD E. BROWN, JR.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Upon consideration of Defendant's Motion To Exclude Summary Witness Testimony, any opposition thereto, and for good cause shown, it is hereby

**ORDERED** that the Motion is **GRANTED**:

_____
JACK SHANSTROM
UNITED STATES SENIOR DISTRICT JUDGE

_____
DATE

Jonathan S. Jeffress, AFPD
Diane Lucas, AUSA