UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| EDWARD E. BROWN, JR., | ) |
| | ) |
| Defendant | ) |
| | ) |

Criminal No. 06-295 (JDS)

**FILED**

APR 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Let this
be filed*
*Hogan, C.J.*
*4/18/07*

## FINAL JURY INSTRUCTIONS

Jury instructions as given by the Court in the above-captioned case.

Date: 4-12-07

_Jack D. Shanstrom_
JACK D. SHANSTROM
Senior United States District Judge

1

*Pre-Trial Instructions*

## BROAD PRELIMINARY INSTRUCTION BEFORE TRIAL

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions which I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be. Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case.

This is a criminal case which began when the grand jury returned an indictment. An Assistant United States Attorney will present the evidence in support of the charges in the indictment.

The facts as alleged by the government are briefly as follows: On July 18, 2005, the defendant Edward Everett Brown, Jr., applied for membership and opened an account with the Treasury Department Federal Credit Union, a financial institution. On July 20, 2005, the defendant presented or caused to be presented to the Treasury Department Credit Union in Washington, D.C., an alleged financial instrument purportedly drawn on an account backed and authorized by the United States Treasury Department for $2.9 million dollars for deposit in the defendant's credit union account. The government alleges that the defendant made efforts to get the credit union to negotiate the alleged instrument. The Treasury Department Credit Union determined that the instrument was

3

fictitious and did not negotiate the instrument.

The government also alleges that on February 21, 2006, the defendant presented for negotiation at the Treasury Department Federal Credit Union in Washington, D.C., another alleged financial instrument in the amount of $5.5 million dollars on an account purportedly backed and authorized by the United States Department of Treasury. The government alleges that the defendant took other steps to get the alleged instrument negotiated and funds from that instrument wired to settlement company in Maryland for the purchase of property. The Treasury Department Credit Union determined that the alleged financial instrument for $5.5 million dollars was fictitious and never negotiated it. The defendant alleges that he is not guilty.

You should understand clearly that the information that I read is derived from the indictment and is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense with which he has been charged.

As I explain how the trial will proceed, I will refer to the "government" and to the "defendant." When I mention the "government," I am referring to the person who is presenting the evidence in support of the charges contained in the indictment. In this case, it is the Assistant United States Attorney, Ms. Diane Lucas. When I mention the

defendant, I am referring either to the defendant Mr. Brown or to his attorney, Mr. Jonathan Jeffress.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. If the government makes an opening statement it must do so at the beginning of its case. The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case. The defendant does not have to make any opening statement. The opening statements are only intended to help you understand the evidence which will be introduced. The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charges in the indictment. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdict shall be. Your verdict must be unanimous; that is, all twelve jurors must agree on the verdict.

I want to briefly describe my responsibilities as the judge and your responsibilities

5

as the jury. My responsibility is to conduct this trial in an orderly, fair and efficient

manner, to rule on legal questions which come up in the course of the trial, and to instruct

you about the law which applies to this case. It is your sworn duty as jurors to accept and

apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You -- and only

you -- are the judges of the facts. You alone determine the weight, the effect, and the

value of the evidence, as well as the credibility or believability of the witnesses. You

must consider and weigh the testimony of all witnesses who appear before you. You

alone must decide whether to believe any witness, and to what extent to believe any

witness.

And remember, you must pay very careful attention to the testimony of all of the

witnesses because you will not have any transcripts or summaries of the testimony

available to you during your deliberations. You will have to rely entirely on your memory

and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, comment to

lawyers, question the witnesses, and instruct you on the law. You should not take any of

my statements or actions as any indication of my opinion about how you should decide

the facts. If you think that somehow I have expressed or even hinted at any opinion as to

the facts in this case, you should disregard it. The verdict in this case is your sole and

exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence

includes the sworn testimony of witnesses and exhibits. If the evidence includes anything

6

other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party she represents. Indeed, it is the lawyer's responsibility to object to evidence which he or she believes is not properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget about the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must forget about both the question and the answer that was stricken. You should follow this same rule if any of the exhibits is stricken.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable

7

doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

You must not be influenced by the nature of the charge in arriving at your verdict. Your responsibility is to decide this case solely on the evidence presented in the courtroom. As a result, you must not conduct any independent investigation of your own of the case -- like going to visit the scene.

In addition, you should disregard any statements made about the case by anyone outside the courtroom. You must not talk about the case with the lawyers, the defendant, witnesses, or anyone else connected with the case. If you see someone involved in this case, other than a fellow juror, outside the courtroom, you should not speak with that person about anything. If, at any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion. If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury and start all over again. You must also completely disregard any press coverage, including newspaper, television or radio reports which you may read, see or hear. If you are exposed to any news reports inadvertently, you should immediately disregard them and direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case with you or if you have been exposed to press coverage about the case, you must tell

8

me about it immediately by informing the marshal or the courtroom clerk.  You should not tell any of your fellow jurors or anyone else.  You should tell only me, the marshal, or the clerk.

You must not discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions.  Until the case is submitted to you, you must not talk about it with your fellow jurors.  You must not talk about the case to your friends or relatives, or even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors.  It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

9

## A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY

## CONNECTED TO THE CASE

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

10

*Jury Instructions given during Trial*

## EVIDENCE OF OTHER ACTS

You have heard evidence of other acts engaged in by the defendant. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident and for no other purpose.

## EXPERT TESTIMONY [1.08]

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted a witness to testify as an expert. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

13

*Post-Trial Jury Instructions*

# I. GENERAL INSTRUCTIONS AND DEFINITIONS

Members of the jury, you are about to enter your final duty in this case, which is to decide the issues of fact and to return verdicts as to defendant's innocence or guilt of the charges. I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified. It has been obvious to me and to counsel that you have conscientiously discharged this duty. I ask you now to give me that same careful attention as I instruct you on the law applicable to this case.

## FUNCTION OF THE COURT [2.01]

The function of the Court is to conduct the trial of the case in an orderly, fair and efficient manner, to rule upon questions of law arising in the course of the trial, and to instruct you as to the law that applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not disregard any instruction, give special attention to any one instruction, or question the wisdom of any rule of law.

## FUNCTION OF THE JURY [2.02]

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy or favoritism. You should not be improperly influenced by anyone's race, ethnic origin or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

In determining the facts, the jury is reminded that, before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

17

## INSTRUCTION AS TO STIPULATIONS OF FACT

The government and the defendant may stipulate -- that is, agree -- to certain facts.

Any stipulation of fact is undisputed evidence, and you may consider it proven.

## QUESTION NOT EVIDENCE

Sometimes a lawyer's question suggests that something is a fact. Whether or not something is a fact depends on the witness's answer -- not the lawyer's question. A lawyer's question is not evidence.

## THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the prosecution to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## STATEMENTS OF COUNSEL [2.05]

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

## INDICTMENT NOT EVIDENCE [2.06]

The indictment is merely the formal way of accusing a person of a crime to bring him to trial. You must not consider the indictment as evidence of any kind -- you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

The indictment that I summarized at the outset of this case included certain counts or charges that are not being included in the charges you will be considering during your deliberations. You should not make any inference, either in favor of or against the defendant, from the deletion of certain items from the indictment.

## JURY'S RECOLLECTION CONTROLS [2.03]

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations.

## INADMISSIBLE AND STRICKEN EVIDENCE [2.07]

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections. It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are not evidence and you must not consider them in your deliberations.

## BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE [2.08]

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

25

### REASONABLE DOUBT [2.09]

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based upon reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based upon speculation or guesswork; it is a doubt based upon reason. The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced

26

that the defendant is guilty of the crime charged, you must find him guilty.  If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE [2.10]

There are two types of evidence from which you may find the truth as to the facts of a case -- direct evidence and circumstantial evidence.

Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness who testifies to what he saw or a participant who testifies as to what he did.

Circumstantial evidence is proof of a chain of facts and circumstances that enable you to draw inferences that may indicate the guilt or innocence of the defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, whether it is direct or circumstantial.

## CREDIBILITY OF WITNESSES [2.11]

In determining whether the government has established the charge against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the

29

inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## **"ON OR ABOUT" PROOF OF [3.07]**

You will note that the indictment charges that some offenses were committed "on or about" a particular date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

31

## EVALUATION OF PRIOR INCONSISTENT
## STATEMENTS [1.10]

The testimony of a witness may be discredited or impeached by showing that the

witness has previously made statements that are inconsistent with his or her present

testimony. Such prior statements have been admitted into, and may be considered by you,

as evidence. Should you find the prior statements to be inconsistent -- and whether the

statements are inconsistent is a matter for you to judge -- you may consider such

statements in connection with your evaluation of the truth of the witness's present

testimony in court. Prior statements that omit details covered at trial are inconsistent if it

would have been "natural" for the witness to include them in the earlier statement.

of the accomplice proves the guilt of the defendant beyond a reasonable doubt.

## TRANSCRIPTS OF TAPE RECORDINGS [2.30]

Tape recordings of conversations identified by witnesses have been received in evidence. Transcripts of these tape recorded conversations were furnished for your convenience and guidance as you listened to the tapes to clarify portions of the tape which are difficult to hear, and to help you identify speakers. The tapes, however, are evidence in the case; the transcripts are not evidence. If you perceive any variation between the transcripts and the tapes, you must be guided solely by the tapes and not by the transcripts. If you cannot determine from the tape that particular words were spoken, you must disregard the transcripts so far as those words are concerned.

33

## CONSENSUAL TAPE RECORDING [3.11]

During the course of this trial, you may hear the phrase "consensual tape recording." This term should not be confused with the phrase "wire interception" or "wiretap." A wire interception or wiretap is a court-ordered interception of communications which does not require the consent of the parties to the conversation. A consensual tape recording, on the other hand, is a recording where one party to the conversation consents to the conversation being tape recorded. It is lawful to conduct consensual tape recordings, and the other party or parties to the conversation do not have to consent to the taping. Consensual tape recorded conversations may occur over the telephone or face to face.

## PROOF OF STATE OF MIND [3.02]

Some of the elements of the offenses upon which I will instruct you require proof by the government of a certain "state of mind," signified by using terms like "intentional" or "knowing." Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of looking directly into the workings of the human mind; however, you may infer the defendant's intent or knowledge from the surrounding circumstances, in other words, the circumstantial evidence.

You may consider any statements made or acts done or not done by the defendant, and all other facts and circumstances received in evidence that may indicate or tend to indicate the defendant's intent or knowledge. You may infer, but you are not required to infer, that a person intends the natural and probable consequences of acts knowingly done by him. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

## "KNOWINGLY" – DEFINED

When the word "knowingly" or the phrase "the defendant knew" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.

## WILLFUL BLINDNESS

In deciding whether defendant had knowledge of a fact, you may infer that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact in question. Second, that the defendant consciously and deliberately avoided learning of that fact. That is to say, the defendant willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.

37

## GOOD FAITH DEFENSE - EXPLAINED

The "good faith" of the defendant is a complete defense to each of the charges in the indictment because good faith on the part of the defendant is inconsistent with "the intent to defraud" as alleged in the Indictment.

A person who acts, or causes another person to act, on a belief or opinion honestly held is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in "good faith" if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others. The law is written to subject to criminal punishment only those people who knowingly intend to defraud.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the government has proven that the defendant acted with an intent to defraud or whether the defendant acted in good faith, you must consider all of the evidence received in this case bearing on his state of mind.

The burden of proving good faith does not rest with the defendant because the

defendant does not have any obligations to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt that the defendant acted with the intent to defraud.

If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with intent to defraud or in good faith, you must find the defendant not guilty.

# II. CRIMES CHARGED IN INDICTMENT

## BANK FRAUD [Count I]

The defendant is charged in Count I with bank fraud in violation of 18 U.S.C. § 1344. This law makes it a crime to execute or attempt to execute a scheme or artifice (1) to defraud a financial institution or (2) to obtain any money or other property of a financial institution by means of false or fraudulent pretenses, representations, or promises.

To find the defendant guilty of bank fraud you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant knowingly executed or attempted to execute a scheme or artifice to defraud the Treasury Department Federal Credit Union to obtain money or funds from the Treasury Department Federal Credit Union by means of false or fraudulent pretenses, representations, or promises;

*Second*: The Treasury Department Federal Credit Union was a financial institution within the meaning of the law; in this case that means that the government must prove that Treasury Department Federal Credit Union was whose accounts are insured by the National Credit Union Share Insurance Fund;

*Third*: the defendant acted with intent to defraud; and

*Fourth*: the false or fraudulent pretenses, representations, or promises that the defendant made were material, meaning they would naturally tend to influence, or were capable of influencing the decision of the Treasury Department Federal Credit Union.

A "scheme or artifice to defraud" includes any design, plan, pattern or course of action,

including false and fraudulent pretenses and misrepresentations, intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived.

A defendant acts with the requisite "intent to defraud" if the defendant acted knowingly and with the specific intent or purpose to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant.

A statement or representation is "false" or "fraudulent" if it is known to be untrue or is made with reckless indifference to its truth or falsity.

## FICTITIOUS OBLIGATIONS [Counts II and III]

In Counts II and III, the defendant is charged with a violation of 18 U.S.C. § 514, which makes it a crime for

(a) Whoever, with the intent to defraud--

(1) passes, utters, presents, offers, brokers, issues, sells, or attempts or causes the same, or with like intent possesses, within the United States,

any false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice, to be an actual security or other financial instrument issued under the authority of the United States . . . .

Each count relates to a separate instrument.

42

## FICTITIOUS OBLIGATIONS - ELEMENTS

### [Counts II and III]

The crime of fictitious obligation as charged in Counts II and III of the Indictment, has three essential elements. For you to find the defendant guilty of this crime, the government must prove the following elements beyond a reasonable doubt:

*First*, that on or about the dates set forth in the Indictment, in the District of Columbia, the defendant, with the intent to defraud;

*Second*, passed, uttered, presented, offered or attempted to or caused the same;

*Third*, a false or fictitious instrument that appeared, represented, purporting or contrived to be an actual financial instrument issued under the authority of the United States .

The government is not required to prove that the defendant actually obtained goods or services with the false or fictitious financial instrument, or that the false or fictitious financial instrument was similar to a genuine financial instrument. However, the government must prove that the false or fictitious financial instrument appeared to be within the class of genuine financial instruments.

43

**FICTITIOUS OBLIGATION - FIRST ELEMENT**

As to the first element of fictitious obligation, to act with an "intent to defraud" means to act knowingly and with the intent or the purpose to deceive or to cheat. An intent to defraud is accompanied, ordinarily, by a desire or a purpose to dishonestly bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person. The government need not prove that the defendant intended to defraud any particular person, so long as it proves that the defendant intended to defraud any person.

## FICTITIOUS OBLIGATION - SECOND ELEMENT

As to the second element, that the defendant "passed, uttered, presented, offered or attempted to or caused the same," the government is not required to prove all of these acts, only that the defendant did at least one of these acts. If you find that the defendant did one or more of these things, then the second element is satisfied.

The term "passed" means to give an instrument in payment or exchange for something.

The term "uttered" means to declare that an instrument is good, or to offer to show that it is good. It means putting or sending into circulation, but does not require proof that anything of value was received in exchange for the instrument. To merely show an instrument without an offer to pass it is not to utter it. An instrument is uttered when it is delivered for the purpose of being passed.

The terms "presented, " and "offered" are commonly used words and are to be given their ordinary meaning.

The terms "attempted to" means that the defendant intended to commit the act, and took a substantial step in an effort to bring about or accomplish the act.

The terms "caused the same" means that you may find the defendant guilty of the crime charged in the Indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict the defendant of the offense charge if you find that the government has proved beyond a reasonable doubt each essential element of

the offense and that the defendant willfully caused such an act to be done, with the intent

to commit the crime.

## FICTITIOUS OBLIGATION - THIRD ELEMENT

As to the third element, "a false and fictitious financial instrument that appeared, represented, purporting or contrived through a scheme or artifice to be an actual financial instrument issued under the authority of the United States," the government must prove beyond a reasonable doubt that the instrument, appeared, represented, purported or contrived through a scheme or artifice to be an actual security or other financial instrument issued under the authority of the United States.

The terms "false and "fictitious" are commonly used words and are to be given their ordinary meaning.

The terms "security" and "financial instrument" as defined by statute means a note, treasury stock certificate, bond, treasury bond, debenture, certificate of deposit, interest coupon, bill, check, draft, warrant, debit instrument, money order, traveller's check, letter of credit, warehouse receipt, negotiable bill of landing, evidence of indebtedness and any other financial instrument.

The terms "scheme" is simply a plan for the accomplishment of an object.

The term "artifice" is simply a device for the accomplishment of an object.

## III. JURY DELIBERATIONS

### ELECTION OF A FOREPERSON [2.71]

That completes my discussion of the substantive offenses. Now I want to give you a few instructions about how you will conduct yourselves as jurors. Before you begin your deliberations, there are a few general matters relating to your deliberations upon which I must instruct you. When you retire to the jury room, you will select one from among your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson before the Court in the event there is any matter about which you wish to communicate with the Court.

## DUTY TO DELIBERATE

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict. Remember at all times that you are not partisans. You are judges -- judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of the trial is intended in any way, to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdicts I think you should return. What the verdicts shall be is the exclusive duty and responsibility of the jury.

## UNANIMITY

The verdicts must represent the considered judgment of each juror.  In order to return verdicts, it is necessary that each juror agree to the verdicts.  Your verdicts must be unanimous.

## NUMBER OF WITNESSES [2.13]

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you may find to the contrary.

## NATURE OF CHARGES NOT TO BE CONSIDERED [2.14]

One of the questions you were asked when we were selecting this jury was whether the nature of the

charge would affect your ability to render a fair and impartial verdict.  There was a reason

for that question.  You must not allow the nature of the charge itself to affect your verdict.

You must consider only the evidence that has been presented in this case in rendering a

fair and impartial verdict.

## CONSIDER ONLY THE CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you to be concerned with the guilt of any other person or persons not on trial as a defendant in this case. The possible guilt of others is no defense to a criminal charge. Your job, simply put, is to decide if the government has proved the defendant is guilty beyond a reasonable doubt of the charges in the indictment.

## DEFENDANT AS WITNESS [2.28]

The defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because s/he is the defendant. In weighing his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

## CREDIBILITY OF WITNESSES -- LAW ENFORCEMENT WITNESSES

You have heard the testimony of witnesses employed by law enforcement agencies. The fact that a witness may be employed by a law enforcement agency does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of the law enforcement witnesses on the ground that their testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give to that testimony whatever weight, if any, you find it deserves.

## MULTIPLE COUNTS - ONE DEFENDANT [2.54]

A separate offense is charged in each of the counts of the indictment which you are to consider. Each offense, and the evidence which applies to it, should be considered separately, and you should return separate verdicts as to each count. Except as I otherwise instruct you, the fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control or influence your verdict with respect to any other count of the indictment.

## POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of conviction rests exclusively with me. You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

## COMMUNICATIONS BETWEEN COURT AND JURY

## DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me by any means other than a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or innocence until after you have reached a unanimous verdict. This means, for example, that you never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other fashion, whether for conviction or acquittal.

## COURT PROCEEDINGS DURING DELIBERATIONS

I do like to talk a little bit about how court will convene while you deliberate. First, during the period of deliberations, we will convene in court each day the same way we have, Monday through Friday, 9:00 to 5:00. You will deliberate at your pace, you decide how much time it takes you to fairly and impartially consider each of the counts that you will be presented on the verdict form. There places on the form where you need to decide guilty or not guilty as to each of the counts in the indictment.

During the course of that time, we will convene each day at 9:00 a.m. and close at 5 p.m. I won't reconvene in the courtroom with everyone present unless I have a note from you that I need to respond to. Most of the time, you will be able to begin your deliberations here and then stop at 5 o'clock. You cannot, however, have any deliberation whatsoever or any discussion of the case unless all twelve of you are present. Nor may you discuss this case anywhere except in the jury room in the presence of all your fellow jurors. You can't have any separate discussion or deliberations unless all twelve are present. Once all twelve are present, then your foreperson can say, we can begin the discussions. And at the end of the day when your foreperson says you're going to stop for the day, again, you can't have any discussion unless all twelve of you are present. That's the only rule you really have to follow during the time of your deliberations.

As I said, during the time of your deliberations, if I have a note from you, I'll respond, but I will give counsel an opportunity to comment on what my response will be before I respond. So sometimes there may be some delay in responding to your note until I get all counsel here and have a hearing on what I should say to you.

## FURNISHING THE JURY WITH A COPY OF

## THE INSTRUCTIONS

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary.  Please return the instructions to me when your verdict is rendered.

## FINAL INSTRUCTION ON NOTETAKING

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson. The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will look at them.