UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 06-295 (TFH) |
| | : | |
| EDWARD EVERETT BROWN JR. | : | |

**GOVERNMENT'S SUPPLEMENTAL MOTION TO INTRODUCE EVIDENCE OF
THE DEFENDANT'S OTHER CRIMES AND BAD ACTS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court for an order permitting the United States to introduce additional evidence of other crimes and bad acts in the retrial of this matter and submits the following in support.[1]

ANALYSIS

The charges listed in the Indictment relate to the defendant's scheme to defraud the Treasury Department Federal Credit Union of millions of dollars by presenting two fictitious financial obligations to the credit union for negotiation, one in August 2005, the other in February 2006. The government seeks to introduce evidence of another fictitious financial obligation, Government's Exhibit 22, which defendant presented to his real estate agent as earnest money for property he was attempting to purchase using the anticipated proceeds from the fictitious obligation referenced in Count 3 of the Indictment.[2] In addition, the government seeks to introduce testimony from the defendant's real estate agent regarding his failure to pay

---

[1] The government incorporates as if rewritten herein, its initial Motion to Introduce Evidence of the Defendant's Other Crimes or Bad Acts and the government's Reply to the defendant's Opposition.

[2] Government's Exhibit 22 was listed as an exhibit in the first trial, however, it was not presented to a witness, nor was there a motion for its admission.

for a home inspection of the property. The government submits that introduction of this evidence does not to require a Fed. R. Evid. 404(b) analysis. However, in the abundance of caution, the government requests permission for its introduction under the theory that it is "inextricably intertwined" with the facts of the case or that it meets the criteria for admission under Fed. R. Evid. 404(b).

First, the government submits that both Government's Exhibit 22 and the real estate agent's testimony are "inextricably intertwined" with the facts of the current case and therefore, admissible without a Fed. R. Evid. 404(b) analysis. As the Court is aware, evidence of acts which are part of, or "inextricably intertwined" with, a charged crime is direct proof of that crime and is not subject to Rule 404(b) analysis. United States v. Badru, 97 F.3d 1471, 1474-75 (D.C. Cir. 1996).

At the first trial, the evidence showed that defendant attempted to pass the $5.5 million dollar fictitious obligation referenced in Count 3 of the Indictment because he wanted money to purchase a $1.2 million dollar property .[3] Government's Exhibit 22 is direct evidence of: 1) the defendant's scheme to get the $1.2 million dollar property without paying for it; and 2) the defendant's knowledge that the fictitious obligations were non-negotiable. Trial testimony showed that the defendant asked the credit union to wire funds from the proceeds of the $5.5 million dollar fictitious obligation to the settlement agent for closing on the property. There was also testimony that the defendant initially tried to get the settlement agent to accept a $5.5 million dollar financial obligation for the purchase of the property and then to reimburse him the

---

[3] The government has not yet received the transcripts from the first trial and therefore is relying upon the undersigned counsel's memory to describe the trial testimony.

remaining funds.  The settlement agent testified that he refused to accept the $5.5 million dollar obligation and required that the settlement funds be wired or be paid by certified check.  The settlement agent also testified that he would not accept a "check" from the defendant's because his earnest money "check" (Government's Exhibit 22) bounced.

Government's Exhibit 22 is another fictitious obligation prepared by the defendant or at his direction.  Government's Exhibit 22 is very similar to the fictitious obligations in the Indictment and has elements from both, including the same "certification," check number (645), address, and Suntrust Bank reference as the fictitious obligation in Count 2 of the Indictment.  It also has the same routing and account numbers and reference to the United States Treasury as on the fictitious obligation in Count 3 of the Indictment.  Thus, when the first fictitious obligation in the Indictment failed to be negotiated, it appears that the defendant changed some of the information on the fictitious obligations in order to insure that the next one was negotiated.

The government further submits that testimony regarding the defendant's failure to pay for the home inspection is also direct evidence of the defendant's scheme to get the property for nothing.  The government submits that if the real estate agent testified, she would state that when she met with the defendant and the home inspector at the property, the defendant claimed he forgot his wallet and was unable to pay the seven hundred dollar home inspection fee.  The real estate agent paid for the inspection with the understanding that she would be reimbursed by the defendant.  The defendant failed to reimburse her.  This is direct evidence of the defendant's scheme not to expend any of his own money for the purchase of the property.     This evidence also contradicts the defendant's claim that he did not have the intent to deceive when he presented the $5.5 million dollar fictitious obligation for negotiation.  At trial, the defendant

testified he passed the fictitious obligation because he believed he was entitled to funds from the Department of Treasury based on Joint House Resolution 192. The fact that he also failed to pay for the home inspection of the property, makes defendant's claim less credible. Therefore, the evidence should be admissible as being "inextricably intertwined" with the facts of the case.

In the event that the Court does not find that the additional other crimes or bad acts evidence is not "inextricably intertwined" with the facts of the case, the government submits it is admissible pursuant to Fed. R. Evid. 404(b). Under the two-part analysis for admission of other crimes or bad acts evidence, the evidence here is relevant to show the defendant's motive, intent, knowledge, and lack of mistake or accident. Further, the probative value of the evidence is not "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

Both Government's Exhibit 22 and the real estate agent's testimony are relevant to show the defendant's motive to purchase property using funds that does not belong to him because he submitted a fictitious obligation as earnest money and failed to pay for the home inspection. Government's Exhibit 22 shows the defendant's intent to defraud and his knowledge because he had experience that the fictitious obligations were not negotiable and yet he continued to present them for negotiation. This evidence is particularly relevant since the defendant testified at the first trial that he had a good faith belief that the fictitious obligations were legitimate based upon his interpretation of Joint House Resolution 192. The fact that Government's Exhibit 22 was not negotiable and he subsequently attempted to pass the $5.5 million dollar fictitious obligation shows that the defendant either had the intent to defraud or was willfully blind that his interpretation of the law was incorrect and his claim of good faith cannot be supported.

In addition, both Government's Exhibit 22 and the real estate agent's testimony shows

that the defendant's actions were not a mistake or accidental. The defendant meant to gain property and funds without expending any of this own money. He presented the $5.5 million dollar obligation to the credit union knowing full well that like Government's Exhibit 22 failed to be negotiated.

Lastly, none of the other crimes or bad acts evidence will consume a significant amount of trial time, waste resources and create a serious risk of confusion to the jury.

WHEREFORE, the government respectfully requests that the Court grant this Motion. A proposed order is attached.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR
                        United States Attorney

                        _____
                        Diane G. Lucas, D.C. Bar #443610
                        Assistant United States Attorney
                        555 Fourth Street, N.W., Fourth Floor
                        Washington, DC 20530
                        (202) 514-7912

                    Certificate of Service

I hereby certify that on May 18, 2007, a copy of this pleading was served by electronic mail upon Jonathan Jeffress, Esquire., Federal Public Defender's Office.

                        _____
                        Diane G. Lucas
                        Assistant United States Attorney

UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| 5. | : | **Crim. No. 06-295 (TFH)** |
| | : | |
| | : | |
| **EDWARD EVERETT BROWN, JR.** | : | |

<u>**ORDER**</u>

Upon consideration of the government's Supplemental Motion to Introduce Evidence of the Defendant's Other Crimes and Bad Acts, and for good cause shown, the Motion is hereby granted.

                                              _____
                                              Thomas F. Hogan
                                              Chief, United States District Judge


cc:    Diane Lucas, AUSA
        Jonathan Jeffress, Esquire