UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :

v.                              :        CR. NO. 06-295-01 (TFH)

EDWARD EVERETT BROWN, JR.       :

DEFENDANT'S PROPOSED VOIR DIRE

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and the local rules of this honorable court, respectfully submits the following proposed voir dire for the trial scheduled for July 30, 2007. The voir dire that was given at the first trial of this matter was never transcribed. Prior submissions of the parties make reference to the court's standard questions and contain suggested additions. Since counsel is not sure what those standard questions were, his submission proposes the entire suggested voir dire.

Proposed Voir Dire

Preliminary Statement

In this case, the government has charged that the defendant, Edward Everett Brown, Jr.,as part of a scheme to defraud the Treasury Employees Credit Union, on two occasions, July 20, 2005, and on February 17, 2006, presented fictitious instruments to the Treasury Employees Credit Union located at 17 and Madison Streets N.W. in the District of Columbia. The first of these instruments was for $2.9 million dollars; the second for $5.5 million dollars. The government alleges that at the time he presented these instruments, that the defendant knew they were fictitious and intended to defraud the credit union to which they were submitted..

1

1. Introduction of defendant, counsel, and prospective witnesses.

2. As I have previously stated , this case is about charges that the defendant knowingly submitted fictitious financial instruments to the Treasury Employees Credit Union at 17th And Madison Streets N.W. in the District of Columbia. Are any of you familiar with facts of this case or have special familiarity with the credit union I have named.

3. Have any of you ever banked at the Treasury Employees Credit Union or worked there? Do any of you have any familiarity with that institution?

4. Have any of you ever been employed by a bank, savings and loan association, or credit union?

5. Have any of you, close friends or relatives ever been employed by the U.S. Treasury Department, Federal Reserve System, or Internal Revenue Service?

6. Have any of you ever studied finance or the United States banking or currency system?

7. (Previous government request) Do any of you hold strong personal or philosophical feelings about the monetary system of the untied States? If so, what are those feelings?

8. (After a brief description of the function of a grand jury), Have any of you ever served on a grand jury? If so, when and for how long?

9. Do any of you now, or have you in the past, every worked in a law enforcement agency such as the Secret Service, Justice Department, FBI, Metropolitan Pol*ice D*epartment, or Special Police.  Do any of you have close friends or relatives who work with such organizations?

10. Have any of you ever served as probation or parole officers?

11. Are any of you lawyers or law students? Have any of you studied law in the past. Do any of you have close friends or relatives who have worked in legal fields associated with criminal

law in any way?

12. Do any of you now, or have you in the past, worked for a prosecutor such as the U.S. Attorney's Office or for a court system?

13. Our system of law requires you as jurors to presume that a criminal defendant is innocent throughout a trial. This presumption remains unless the government is able to prove the defendant's guilt beyond a reasonable doubt. Do any of you reject or not understand this proposition.?  Does the fact that the grand jury has issued an indictment make it difficult in any way for you to presume that the defendants are innocent?

14. The government's case will depend heavily on the testimony of law enforcement officers.  Would any of you give more or less weight to the testimony of witnesses merely because they are law enforcement agents?

15. In this case, the defendant, Edward Everett Brown, Jr. , is charged with engaging in a scheme to defraud.  Have any of you, your close friends, or relatives ever been the victim of fraudulent conduct that you would consider to be significant?

16. Have any of you served as jurors in criminal cases either this month or at any time in the past?

Ridley Question

17. Have you or any member of your immediate family or a close friend ever been the victim of a crime, accused or a crime, or been a witness to a crime?

18. At this point during the jury selection process do any of you have any feeling or opinion concerning the defendant's guilt or innocence.

19. Do any of you suffer from illnesses or physical impairments, such as hearing

difficulties, that would make it difficult for you to sit as jurors in this case?

20. Does anybody on the panel have difficulty understanding English?

21. This case is expected to take about three days. Do any of you have personal considerations that would make it a burden for you participate in this trial?

22. Finally, is there anything you have heard, or any other reason, why you could not sit comfortably in this case or why you would prefer to be excused?

## Proposed Jury Instructions

The defendant is basically satisfied with the jury instructions that were given at the first trial in this matter. He would suggest that they be a starting point. However, counsel would respectfully reserve the right to suggest additions, deletions, and modifications of the instructions, based on what transpires at the trial and following a more complete review.

Respectfully submitted,

_____/s/_____
 Edward C. Sussman No. 174623
 Counsel for Defendant Brown
 Suite 900 - South Building
 601 Pennsylvania Avenue N.W.
 Washington, D.C. 20004
 (202) 737-7110

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of July, 2007, a copy of the foregoing was served electronically on AUSA Diane Lucas and on all listed electronic filing system.

_____/s/_____
Edward C. Sussman