UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR. NO. 06-295 (TFH) |
| EDWARD EVERETT BROWN, JR. | : | |

**DEFENDANT BROWN'S MOTION FOR A NEW TRIAL AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The defendant, through undersigned counsel, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, respectfully requests that this honorable court grant the defendant a new trial in this matter. In support of his request, the defendant states the following:

1. On August 3, 2007, following a five day jury trial, a jury convicted the defendant of bank fraud, and two counts of presenting a fictitious instrument. The counts of conviction stemmed from the defendant's attempt to collect $2.9 million and $5.5 million, respectively, from the Treasury Department Credit Union. Following verdict, the defendant sought, and was granted, an extension to file a new trial motion. The motion is being filed well within the August 24, 2007 limit set by the trial court.

2. In urging the grant of a new trial, the defendant maintains that he was unduly prejudiced by the court's ruling that permitted the government to introduce "other crimes" evidence under FRE 404(b). In essence the trial turned out to be far more about the other crimes and bad acts than the events surrounding the counts charged in the indictment.

3. As a pre-trial matter, the government had sought, and received, from the court

permission to introduce numerous unrelated bad acts of the defendant. The admission of this evidence, which was strenuously opposed by the defendant, was designed to demonstrate either the intent of the defendant or was allegedly intrinsic to the charged offenses.

    4. The government introduced substantial evidence regarding the defendant's intention to purchase real estate with the proceeds of the $5.5 million instrument he attempted to negotiate. While it is hardly surprising that the defendant might actually use some of the money he attempted to obtain, the intrinsic evidence was both damaging and irrelevant. In essence, a real estate agent was able to testify about defendant' use of a bogus certified check, and a failure to pay a $700 bill for home inspection as well as numerous misrepresentations regarding the real estate sale. The evidence went far more to the defendant's character and propensity to falsify than to any issue relevant to the indicted counts. Moreover, the government's claim of intrinsicness does nothing to remove the evidence from the traditional analysis and balancing required by FRE 404(b).

    5. Prior to 2000, this Circuit followed the majoirty rule treating uncharged acts which were "inextricably entwined" with charged offenses as intrinsic and thus exempt from a Rule 404 analysis. See United States v. Badru, 97 F.3d 1471, 1474 (D.C. Cir. 1996); United States v. Washington, 12 F.3d 1128, 1135 (D.C. Cir. 1994); United States v. Allen, 960 F.2d 1055, 1058 (D.C. Cir. 1992)(per curiam). In Badru, the court ruled that uncharged crimes regarding obtaining drugs fro distribution were intrinsic to the later charged distribution of the drugs. In Washington, the court ruled that evidence of a false identity to obtain medical treatment for an injured arm the day after a drug deal and high speed chase, was intrinsic to the offense where the injury occurred during the chase. In Allen, the court concluded that the act of one co-defendant in watching another co-defendant make a charged drug transaction was intrinsic to the charged drug sale.

6. In <u>United States v. Bowie</u>, 232 F.3d 923 (D.C. Cir. 2000), the circuit court substantially narrowed its basis for admitting uncharged acts as "intrinsic" to the offense. The court rejected the "inextricably intertwined" test as unhelpful and circular. *Id*. At 928. The court explained that "there is no general 'complete the story' or 'explain the circumstances' exception to Rule 404(b) in this circuit." The court explained the new, more narrow test: "if the evidence is of an act that is part of the charged offense, it is properly intrinsic. In addition, some uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they *facilitate* the commission of the charged crime. Thus, under the new test, a court may admit evidence of uncharged acts as intrinsic if it is "offered as direct evidence of a fact in issue, not as circumstantial evidence requiring an inference regarding the character of the accused." <u>United States v. Alexander</u>, 331 F.3d 116 (D.C. Cir. 2003).

7. The defendant contends that the substantial evidence adduced about the real estate transaction neither facilitated the attempted negotiation of the bill of exchange, nor was part of the charged conduct. It was merely intended to demonstrate the bad character of the defendant and was improperly admitted by the trial court.[1]

8. Similarly, the purchase of the three Toyota automobiles, accompanied by the admonition of wrongdoing by Detective Medley demonstrated far more about the propensity of the defendant to utter fictitious obligations, than about his intent. While the Toyota purchases, if it were the only Rule 404 evidence might have been acceptable, when compounded by the testimony concerning the real estate transaction, constituted a barrage of evidence that was far more

---

[1] Indeed, the court, as a pre-trial matter, permitted even more "other crimes evidence (other car purchases), but the government declined to introduce such evidence.

prejudicial than probative. Added to this was the defendant's attempt to negotiate a bill of exchange with the PNC Bank. This latter act did nothing but to show a propensity on the part of the defendant to engage in such conduct.

9. While the defendant has not had the opportunity to examine the trial transcript, or determine how much of the trial was actually spent on "other crimes: evidence, the number of witnesses who testified regarding such evidence is instructive. The indicted offenses were presented with the testimony of two bank employees and a questioned document examiner. These three witnesses testified about the offenses of conviction. On the other hand, the other crimes evidence was introduced through a PNC bank attorney, a real estate agent, a settlement agent, and the office manager of Carmax (Toyota dealer). While the balancing test demanded of Rule 404(b) evidence requires more than the mere counting of witnesses, the number is instructive.

10. In sum, the defendant maintains that his conviction was the product of evidence that served no other purpose than to disparage character and show a propensity to falsehood and fabrication on his part. The evidence totally eviscerated any good faith defense and placed character at the forefront. The prejudice was both real and compromised the integrity of the trial.

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this honorable court grant defendant's motion and grant him the new trial that he seeks.

       Respectfully submitted,

_____/s/_____
Edward C. Sussman No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing was electronically served on all interested parties on this 12th day of August, 2007.

_____/s/_____
Edward C. Sussman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. NO. 06-295 (TFH) |
| EDWARD EVERETT BROWN, JR. | : |

ORDER

The court has before it the request of the defendant that he be granted a new trial in this matter. The court finds that the defendant has advanced good cause for this request and that he was severely and unfairly prejudiced by the introduction of evidence pursuant to FRE 404(b). It is, therefore, this _____ day of _____, 20076,

ORDERED, that the motion be, and hereby is granted.

_____
THOMAS F. HOGAN , CHIEF JUDGE
UNITED STATES DISTRICT JUDGE