UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-295 (TFH) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD EVERETT BROWN JR. | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR ISSUANCE OF A BENCH WARRANT
AND TO REVOKE RELEASE CONDITIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves for the issuance of a bench warrant and to revoke defendant's release conditions in the above-referenced matter. The defendant, Edward Everett Brown Jr. ("Brown") is presently on his personal recognizance pending sentencing, and has been ordered by the Court to obey specific conditions during his release. The Government has recently received notice that defendant Brown has violated his conditions of release and his actions strongly indicate that he is a fugitive. For the reasons discussed more fully below, pursuant to 18 U.S.C. § 3148(b), the government moves that defendant's release be revoked, and that Brown be detained without bond pending sentencing. The government also asks the Court to issue immediately a bench warrant for defendant's arrest to bring him before the Court for an expedited review of this motion. In support of this motion, the government states as follows:

I. Factual Summary

On August 3, 2007, Brown was convicted by jury of one count of bank fraud, in violation of 18 U.S.C. § 1344, and two counts of fictitious obligation, in violation of 18 U.S.C. § 514. On

August 3, 2007, the Court released Brown pending sentencing on his personal recognizance with certain condition. Sentencing was scheduled for October 24, 2007. Brown – after being admonished of the possible consequences for violating any condition of his release – signed the release order and was released on his personal recognizance. See Document No. 60. The defendant's release conditions have not been modified since that time, although his sentencing was continued until January 11, 2007. See Document No. 66. In his signed release, the Court ordered Brown to obey a number of conditions while on release in this case, including the following conditions:

(1) report twice a week by phone to D.C. Pretrial Services Agency;

(2) reside at a specific address;

(3) stay within the Washington, D.C. area (50 mile radius).

(4) surrender all passports to the Pretrial Services Agency and not apply for a

passport. According to a report filed by the District of Columbia Pretrial Services Agency on October 15, 2007, Brown is in violation of his conditions of release.

Specifically, Brown has not reported at all since failing his twice weekly reporting requirement on October 4, 2007 (October 7, 2007, October 11, 2007, October 14, 2007, October 18, 2007). Brown also failed to reside at his residence and has relocated without informing Pretrial Services. In fact, Brown informed Pretrial Services as late as October 1, 2007 that he maintained his residence, but, in reality moved out on July 12, 2007– before his release by the Court on August 3, 2007. This was confirmed by USPO Deborah Panzer when she conducted a home visit for the presentence investigation. The sentencing date of October 24, 2007 was vacated because of Ms. Panzer's inability to arrange a meeting with Brown. See Document No.

66. Brown's whereabouts are unknown at the present time and his actions suggest that he is a fugitive.

Title 18 United States Code, section 3148(a) provides: "A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." Title 18 United States Code, section 3148(b) sets forth the protocol and standard of judicial review for revocation of release:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer–
>
> (1) finds that there is--
>
> \* \* \*
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

Although the standard of proof is clear and convincing evidence that defendant has violated the conditions of his release, the proof here goes well beyond that standard. Defendant's brazen violations of the release conditions and his lack of candor with the Pretrial Services Agency establishes that he will not abide by any conditions of release that will assure the Court that he

will not flee.

Upon motion by the government that a defendant has violated his conditions of release, this Court is empowered to "issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer . . . for a proceeding in accordance with this section ." 18 U.S.C. §3148(b). Under these circumstances the government asks this Court to immediately issue a bench warrant for Brown's arrest. After the defendant is arrested, the government will promptly alert the Court and request that the Court schedule a revocation hearing as soon as possible.

## Conclusion

WHEREFORE, the government respectfully requests that this motion be granted. That is, the government requests that the Court issue a bench warrant for defendant Brown's arrest and that, upon defendant's arrest, he be held without bond pending his revocation hearing (and sentencing).

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By: _____/s/_____
DIANE LUCAS, D.C. Bar # 443610
ASSISTANT U.S. ATTORNEY
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 514-7912

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 06-295 (TFH)** |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **EDWARD EVERETT BROWN JR.** | : | |
| | : | |
| Defendant. | : | |

## ORDER

Based on the representations in the Government's Motion to Revoke Defendant's Release Conditions and for Issuance of a Bench Warrant for his Arrest, and for his Detention Without Bond Pending Trial and for Expedited Review by this Court, this Court makes the following:

## FINDING

1. Since August 3, 2007, this Court released the defendant on his personal recognizance pending sentencing in the above matter.  While he was on release, this Court ordered the defendant to obey specific conditions while he was on release, which included that he make twice weekly reports by telephone; continue to reside at his then-listed residence; stay within a fifty mile radius of Washington, D.C., and surrender all passports to Pretrial Services Agency.

2. Pursuant to the defendant's release on his personal recognizance, he was also warned that "any violation of a condition of release may result in revocation of release, pretrial detention, or contempt."

3. That the United States received documentary evidence from the Pretrial Services Agency supportive of its motion which indicates the defendant is in violation of at least two of his conditions of release, by failing to report twice weekly as required, and relocating without

informing the Pretrial Services Agency.

Based on the above Findings of Fact, it is this _____ day of October, 2007, hereby

**ORDERED** that a bench warrant shall be issued for the arrest of Edward Everett Brown Jr. with directions to the United States Marshals Service to execute the warrant forthwith; and

**ORDERED** that the Court's Order of August 3, 2007, ordering the release of Edward Everett Brown Jr. is hereby revoked; and

**ORDERED** that upon Edward Everett Brown Jr.'s be held without bond pending a revocation hearing in this case.

_____
THOMAS F. HOGAN
CHIEF, UNITED STATES DISTRICT JUDGE

_____
DATE

cc:  Diane Lucas
      Assistant U.S. Attorney

    Edward Sussman, Esquire