UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. NO. 06-295-01 (TFH) |
| EDWARD EVERETT BROWN, JR. | : |

DEFENDANT'S MOTION TO VACATE THE DETENTION ORDER
AND IMPOSE CONDITIONS OF RELEASE

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and the Bail Reform Act of 1984, respectfully requests that this honorable court fashion conditions of release pending sentencing in this matter. In support of his request, the defendant states the following:

1. Following a jury trial, on August 3, 2007, the defendant was convicted of fraudulently attempting to negotiate counterfeit Treasury obligations. Mr. Brown, who had no prior criminal record, and had appeared at numerous proceedings in the matter, was released pending sentencing. Sentencing in the matter was scheduled for October 24, 2007. It was later continued until January 11, 2008.

2. Following sentencing, counsel was contacted by Ms. Deborah Panzer of the Probation Office to set up an interview for presentence report preparation. That date was conveyed to the defendant. Shortly before the appointment, Mr. Brown indicated that he would be unable to make the appointment because of transportation problems. Counsel related that information to Ms. Panzer. No new date for the interview was selected at that time.

3. Counsel had some difficulty contacting the defendant. Because of health issues that

needed to be addressed, counsel was out of the office for some time, beginning in early September. He provided Ms. Panzer with the defendant's cell phone number and asked if she could reach the defendant directly. Ms. Panzer was not able to reach Mr. Brown. A subsequent visit to his home ( a Silver Spring, MD motel) by Ms. Panzer, revealed that the family had moved on approximately July 12, 2007. Apparently, the defendant failed to inform the Pretrial Services Agency that he and his family had moved to a Town Suites in Annapolis Junction, MD.

    4. With no reported contact with Mr. Brown, the government on October 23, 2007, requested revocation of bond and a bench warrant. At a hearing held on October 30, 2007, the Pretrial Services Agency reported that the defendant had not phoned in as required for approximately two weeks. Additionally, he had not furnished verification of his address as requested. The court revoked bond and issued a warrant for the defendant's arrest.

    4. On November 16, 2007, counsel was called to the federal district court in Greenbelt for a removal hearing regarding the defendant. Mr. Brown had been arrested in Laurel, Maryland by Treasury Department agents. The defendant waived his rights and agreed to return to the District. He appeared before the Honorable Alan Kay, U.S. Judge Magistrate on November 19, 2007. Judge Kay indicated that he had no discretion to change the defendant's bail situation. The matter is presently scheduled to be before the court on December 5, 2007.

    5. The defendant now requests that he be released on more restrictive conditions pending sentencing. He maintains that the there was a series of misunderstandings that led to the issuance of the warrant and that there was never any intention on his part to flee or fail to appear.

    6. As the court no doubt recalls, Mr. Brown has a somewhat unusual view of events and information. While he answers his phone calls, his cell phone is frequently used by his wife.

Neither of them are particularly diligent in retrieving voice mail messages, and messages from the probation office went unanswered.

7. On October 24, 2007,[1] the defendant appeared for sentencing. Counsel has corroborated that with two friends who appeared with him. Finding the courtroom locked, Mr. Brown went to the clerk's office where he was shown the docket sheet. The docket indicated that the matter had been continued until January 11, 2008. Brown subsequently left, anticipating a return in January.

8. Sometime thereafter, the defendant learned that the authorities were seeking him. Treasury agents apparently came to the home of one of his friends in a manner that suggested more than a social visit. A business card was left providing a contact phone number. Mr. Brown called the agents and was prepared to turn himself in to the Treasury Department's D.C. office on November 16, 2007 at 2:00 p.m. The agents, seizing the initiative, went out to Laurel and arrested the defendant as he was actually speaking with them on a pay phone. Likely, the agents had traced the pay phone that had been used previously by the defendant. If the defendant had any intention of fleeing, there was absolutely no reason for him to speak with the agents, let alone arrange to come to their office.

9. With respect to the defendant's failure to phone the pretrial services agency during the last two weeks of October, Mr. Brown has represented that he was informed over the phone that phoning in was no longer necessary. It would seem nonsensical for the defendant to deliberately abandon a requirement while -at the same time- appearing in court.

10. Although the defendant has clearly not done everything that he should, there is

---

[1] This was the sentencing date set at the time of Mr. Brown's initial release.

nothing to indicate any intention to flee. Furthermore, there is no reason to believe that he poses any danger to the community. It is counsel's hope that an interview with the presentence writer can be arranged in the next few days.  Following the completion of that interview, counsel would suggest that Mr. Brown be released and required to report twice weekly in person to Pretrial Services. Should the court feel that further structure be needed, a curfew might also be imposed..

WHEREFORE, for the foregoing   reasons, the defendant respectfully requests that the court grant his motion and that he be released under the conditions suggested in this motion.

Respectfully submitted,

_____/s/_____
Edward C. Sussman, No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C.. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing was served electronically on all interested parties, this 26th day of Nov  ember, 2007.

_____/s/_____
Edward C. Sussman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA        :

      v.        :        CR. NO 06-295 (TFH)

EDWARD EVERETT BROWN, JR.        :

## O R D E R

The court has before it the request of the defendant, that he be released pending sentecing.

The court finds that the defendant has advanced good cause for this request. It is, therefore, this

_____ day of _____, 2007,

ORDERED, the motion be, and hereby is, granted.

_____
THOMAS F. HOGAN
CHIEF JUDGE, UNITED STATES
DISTRICT COURT FOR THE DISTRICT
OF COLUMBIA